## Annie C. Comly, Plff. in Err., *v.* Pennsylvania Railroad Company.

In an action by a widow against a railroad company, to recover damages for the death of her husband, it appeared that at the point where the accident occurred the railroad had been crossed by a path.    Some years before a station platform had been erected, the western end of which was at the point where the path crossed the road.    Behind the platform a barbed wire fence had been put up, crossing and cutting off the path and extending for some distance parallel to the railroad.    Between the fence and the tracks was a ditch from which there was a rise to the railroad embankment where it was possible to step upon the platform by means of a projecting string piece.    It appeared that many persons had been in the habit of approaching the station by this path, stooping under the wires and climbing up the bank.    On the day of the accident the deceased was in a great hurry to reach a train, and the regular approach to the station

---

NOTE.—As to duty and liability of railroad company with relation to its station and approaches thereto, see the review of authorities in the following editorial notes:    Duty of carrier to maintain safe approaches beyond its own premises, note to Skottowe v. Oregon Short Line & U. N. Co. 16 L. R. A. 593; to whom railroads owe duty of keeping station platforms safe, note to Dowd v. Chicago, M. & St. P. R. Co. 20 L. R. A. 527; measure of care which a carrier must exercise to keep its platforms and approaches safe, note to Johns v. Charlotte, C. & A. R. Co. 20 L. R. A. 520.

being blocked by a freight train he chose the way by the path, and in attempting to get upon the platform was struck and killed by a passing train. *Held,* that there was no error in the lower court entering a compulsory nonsuit.

(Argued January 24, 1888. Decided February 6, 1888.)

January Term, 1888, No. 54, E. D., before GORDON, Ch. J., ·PAXSON, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas No. 1 of Philadelphia County to review a judgment of nonsuit in favor of the defendant in an action on the case. Affirmed.

This action was brought by Annie C. Comly against the Pennsylvania Railroad Company, to recover damages for the death of her husband, Washington A. Comly, caused by the alleged negligence of the company defendant.

The facts given in evidence at the trial are substantially set forth in the headnote.

The court entered a compulsory nonsuit.

The assignment of error specified the above action of the court.

*Furman Sheppard,* for plaintiff in error.—As the company for many years permitted the use of the path as an access to its station, Comly cannot be considered a trespasser. Philadelphia &. R. R. Co. v. Troutman, 11 W. N. C. 455; Pennsylvania R. Co. v. Lewis, 79 Pa. 33; Taylor v. Delaware & H. Canal Co. 113 Pa. 162, 57 Am. Rep. 446, 8 Atl. 43.

Comly's choice of routes was determined by the action of the company in "blocking up" Bridge street, and he was not, under the circumstances, guilty of contributory negligence. Kay v. Pennsylvania R. Co. 65 Pa. 273, 3 Am. Rep. 628; Reeves v. Delaware, L. & W. R. Co. 30 Pa. 465, 72 Am. Dec. 713; Pennsylvania R. Co. v. Ogier, 35 Pa. 72, 78 Am. Dec. 322; Johnson v. West Chester & P. R. Co. 70 Pa. 365.

If there was any evidence which should have been submitted to the jury, then the trial judge was clearly wrong in taking it from the jury and in not submitting the case under proper instructions.

In Philadelphia & R. R. Co. v. Spearen, 47 Pa. 305, 86 Am. Dec. 544, the learned judge said: "There is no absolute rule as

to negligence to cover all cases. That which is negligence in one case, by a change of circumstances will become ordinary care in another, or gross negligence in a third. It is a relative term, depending upon the circumstances; and therefore is always a question for the jury upon the evidence, but guided by proper instructions from the court. 'Duties grow out of circumstances,' . . . and the relative degree of care, or want of it, grows out of the circumstances and conduct of both parties."

See also West Chester & P. R. Co. v. McElwee, 67 Pa. 315; Harrisburg v. Saylor, 87 Pa. 216; West Philadelphia Pass. R. Co. v. Whipple, 5 W. N. C. 68; Pennsylvania R. Co. v. White, 88 Pa. 333, and Philadelphia & R. R. Co. v. Killips, 88 Pa. 405.

*George Tucker Bispham,* for defendant in error.—There was no dispute as to the facts or as to the inferences to be drawn from them on the question of the defendant's negligence, or on that of the decedent's contributory negligence. It was, accordingly, the duty of the judge to order a nonsuit.

It is the duty of courts in cases of clear negligence arising from an obvious disregard of duty and safety to determine it as a question of law. Pittsburg & C. R. Co. v. McClurg, 56 Pa. 294.

The question of contributory negligence is a mixed one of law and fact. When the facts are undisputed the court should declare the law thereon. Harrisburg v. Saylor, 87 Pa. 216.

When the standard is fixed, when the measure of duty is defined by law and is the same under all circumstances, the omission is negligence, and may be so declared by the court. West Chester & P. R. Co. v. McElwee, 67 Pa. 315.

PER CURIAM:

That Washington A. Comly was a trespasser and brought upon himself the misfortune which befell him is not doubtful. Nothing could be more obvious than that the railroad did not intend that passengers should reach its station by the way and in the manner he chose to adopt. The ditch and the character of the ground were, of themselves, sufficient notice of this fact; but, in addition, the wire fence under which he had to stoop to reach the point of the accident was a positive warning that in passing it he assumed every risk that might possibly occur on his way to the train which he intended to board.

Under these circumstances the court was unquestionably right in directing the nonsuit.

The judgment is affirmed.