BARKER V. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Railroads**: NEGLIGENCE: TRESPASSER ON TRACK: DUTY OF COMPANY. One who goes upon a railroad track, at a place other than a crossing, and where the company was required to and had fenced its road, there being nothing in the surroundings that would naturally or reasonably lead the company's servants to suspect his presence, is a trespasser, and the company owes him no duty, except not to wantonly, wilfully or with gross negligence, injure him, and is not in duty bound to look out for him.

2. ———: ———: ———: ———. No recovery can be had for an injury to such person so going upon the track, at a time when he knew a train was due, without stopping to look or listen for it, unless some person in charge of the train saw him or knew of his presence on the track in time to have avoided the injury.

*Appeal from Buchanan Circuit Court.*—HON. VINTON PIKE, Special Judge.

REVERSED.

*Strong & Mosman* for appellant.

(1) Barker was a trespasser on the defendant's track. R. S. 1879, sec. 809. The company does not owe the duty to trespassers, to watch out for them, and protect them while they are trespassing on its enclosed track, at a point in the country not frequented by the public, and remote from highway crossings. *McAllister v. Ry. Co.*, 64 Ia. 395; *Masser v. Ry. Co.*, 68 Ia. 602; *Scheffler v. Ry. Co.*, 32 Minn. 518; *Tonawanda Co. v. Munger*, 5 Denio, 266-7; *Comley v. Ry. Co.*, 12 Atlantic Rep. 496. (2) The rule of law is that under such circumstances a trespasser cannot recover for mere negligence. He is upon the track under such circumstances as create no duty to him beyond that of not wilfully injuring him. Evidence of a wilful and wanton injury is essential to the recovery by a party who is trespassing upon the track, under the circumstances shown in evidence in this case. *Henry case*, 76 Mo. 295; *Mason case*, 27 Kas. 83; *Gregory case*, 14 N. E. Rep. 228; *Tonawanda case*, *supra*. (3) The death of said Barker "was occasioned directly and solely by his gross negligence in going and remaining upon the railroad track without looking or listening for the approach of the train." *Bell v. Railroad*, 86 Mo. 612; *Taylor v. Railroad*, 86 Mo. 457; *Yancy v. Railroad*, 93 Mo. 433; *Lennix v. Railroad*, 76 Mo. 86; *Langan v. Railroad*, 72 Mo. 397; *Railroad v. Houston*, 95 U. S. 702; *Reynolds v. Railroad*, 58 N. Y. 248; *Mulherin v. Railroad*, 81 Pa. St. 366. (4) Even under the rule that a defendant is liable, notwithstanding the contributory negligence of the plaintiff, if the defendant, after he became aware of the perilous situation of the plaintiff, failed to exercise ordinary care to avoid injuring him, the demurrer should have been sustained. There was no evidence tending to show that the servants

of defendant in charge of said engine had any knowledge, notice or information whatever of the presence of Barker on the track before the engine struck him. *Railroad v. Howard*, 82 Ky. 212 ; *Railroad v. Stroud*, 64 Miss. 784 ; *Strong v. Canton Railway*, 3 Sou. Rep. 465 ; *Railroad v. Smith*, 3 S. E. Rep. 397. (5) The evidence did not disclose either a fact or a circumstance from which negligence on the part of men in charge of the engine can be inferred, and hence the demurrer should have been given.

*W. P. Hall* and *Doniphan & Reed* for respondent.

While plaintiff's husband may have been a trespasser, yet the facts and circumstances show this to be a case calling for care and protection even to a trespasser, for it is our contention that defendant saw Barker in time to have avoided his destruction.

BLACK, J.—This is a suit by the widow of E. B. Barker to recover the statutory penalty of five thousand dollars for the death of her husband who was run over and killed by a train of the defendant's cars. The defendant offered no evidence, and the question is, whether the defendant's instruction in the nature of a demurrer to the plaintiff's evidence should have been given.

The evidence offered by the plaintiff discloses these facts : Barker resided in a house close to the defendant's track. There is a public road thirty-five feet south of his house ; the south side of this road is separated from the defendant's right of way by a fence, and the track of the Wabash Railway Company runs parallel to the track of the defendant, but adjoining and to the south thereof. Barker left his house, went south across the public road which goes directly to St. Joseph, got over the fence, and ascended a bank some six or eight feet in height to the defendant's track. He then started westward on

the track towards St. Joseph, where he was going, without stopping or looking to the east. He had not traveled more than sixty to seventy-five feet when a regular daily west-bound passenger train came through a cut, around a curve and on a down grade, and ran over and killed him. Had Barker looked to the east he could have seen the train for a distance of two hundred yards, and the engineer could have seen a person on the track for nearly the same distance. Barker knew the train was due when he got upon the track. There was a tie train standing on the Wabash track at the time, and it seems probable that his attention was attracted to the men at work on that train. He was a little hard of hearing, but could hear ordinary conversations. The evidence tends to show that no signal was given by sounding the whistle or ringing the bell; and that the train, if on a level track, could have been stopped in a distance of one hundred yards. It does not appear within what distance it could have been stopped on this down grade.

There can be no doubt that Barker was guilty of negligence in going upon the track at a time when he knew the train was due, without looking or listening for it. Besides this he got upon the track at a place other than a crossing, and was making a foot-path out of the railroad track, and that, too, at a place where the defendant was required to and had fenced its road. In short he was a trespasser, declared to be such by the statute law of this state. R. S. 1879, sec. 809. Being a trespasser, the company owed him no duty, except not to wantonly, wilfully or with gross negligence injure him. The company was not in duty bound to look out for him. *Maher v. Railroad*, 64 Mo. 267 ; *Hallihan v. Railroad*, 71 Mo. 114 ; *Maloy v. Railroad*, 84 Mo. 270 ; *Rine v. Railroad*, 88 Mo. 392 ; *Williams v. Railroad*, 96 Mo. 257 ; *Langan v. Railroad*, 72 Mo. 394 ; *Comly v. Railroad*, 12 Atl. Rep. 496.

Some of the authorities just cited and many others show that though a person is a trespasser on a railroad track, still if such person is in a dangerous position to the knowledge of the servants of the railroad company, then it becomes their duty to use all reasonable efforts within their power and at their command to avoid injuring such person thus in the wrong. Shear. & Redf. on Negligence, sec. 36. But this duty on the part of the defendant's servants only arises when and after the perilous position of the person is discovered. Now in this case, there is no evidence whatever of a wanton or wilful injury; nor is there any evidence tending to show that the engineer saw the deceased on the track in time to have avoided the calamity. The fact that no signal was given tends to show that the deceased was not seen by the engineer, in the absence of any other evidence. But the argument is made on behalf of the plaintiff that if the engineer was at his post of duty and on the look-out, he could have seen the deceased, and if he was not, then he was guilty of negligence. The answer to all this is that the company owed the deceased no duty to be on the watch for him. As to a passenger, it was of course the duty of the engineer to see that he had a clear track, but the defendant owed no such a duty to the deceased. As to him there was no breach of duty, for a simple failure to discover him in the commission of a trespass. As stated by a reliable text-writer, the general duty of a railroad company to run its trains with care becomes a particular duty to no one until he is in a position to have a right to complain of neglect. Cooley on Torts, 660. The deceased was in no position to complain of neglect on the part of the engineer, and would only be in such a position when and after it is made to appear that some person in charge of the train saw or knew of his presence on the track in time to have avoided the injury.

It is thought advisable to say again that Barker got

upon the track and was killed at a place where the defendant's road was fenced and where there was nothing in the surroundings that would naturally or reasonably lead the servants in charge of the train to suspect that persons would be on the track. We have been speaking of the case before us, and not of others which may present a different state of facts. The death of plaintiff's husband can be attributed to nothing but his own wrongful act and reckless carelessness, and the plaintiff has no just ground for damages against the defendant, and the judgment is simply reversed. RAY, C. J., and BARCLAY, J., dissent; the other judges concur.