HENDRICK, *Appellant*, v. THE CHICAGO & ALTON RAILROAD COMPANY.

### Division Two, December 23, 1896.

1. **Carrier:** RAILROAD: PASSENGER. A railway passenger, after alighting, ceases to be one when he undertakes to pass to the other side of the train to see the engineer on private business.

2. ———: ———: NEGLIGENCE. The railroad company is not liable for injuries received by such person in attempting to recross the train, by reason of his being thrown beneath the train through striking a box placed on the baggage car platform over which he was attempting to pass.

*Appeal from Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Fagg, Ball & Hicks* and *Clark & Dempsey* for appellant.

Respondent was in default in leaving boxes and other obstructions on the platform of the baggage car; appellant had the right to pass over this platform as the public are generally permitted to use the ends of such cars next to the passenger cars. He therefore made out a *prima facie* case and the issue should have been submitted to the jury. *Dougherty v. Railroad*, 128 Mo. 33; *Eichorn v. Railroad*, 130 Mo. 575; *O'Mellia v. Railroad*, 115 Mo. 205.

*W. H. Morrow* and *N. W. Morrow* for respondent.

(1)   At the time of his injury appellant occupied to the company neither the relation of employee nor passenger. 4 Am. & Eng. Ency. of Law, p. 51; *Barker v. Railroad*, 98 Mo. 50.   (2) One can not voluntarily place life and limb in peril and hold another responsible for his injury, when but for his own negligence he would not have been injured.   "And if it appears, without any conflict of evidence from plaintiff's own case, that he was guilty of negligence proximately contributing to produce the injury, the court should take the case from the jury."   *Carroll v. Co.*, 107 Mo. 653; *Weber v. Railroad*, 100 Mo. 194; *O'Malley v. Railroad*, 113 Mo. 319.   (3) Whether one is guilty of contributory negligence is usually a question of fact to be submitted to the jury, but where no other inference than that of his negligence can be fairly drawn from his evidence, it should be so declared as a matter of law. *Corcoran v. Railroad*, 105 Mo. 399.   (4) The evidence in this case discloses no negligence on the part of respondent, and the demurrer was properly sustained. *Smith v. Railroad*, 113 Mo. 70.   (5) Even if it were true that to have a box on the rear' end of a baggage car is *per se* negligence, yet if the appellant's own negligence contributed directly to bring about his injury it is in legal contemplation a proximate cause of his injury, and if both the negligence of appellant and respondent are proximate causes of the injury, then appellant can not recover.   *Prewitt v. Eddy*, 115 Mo. 304.   (6) It has been several times held in this state that to climb over or between stationary cars even without knowing whether they are attached to an engine is such negligence as to preclude recovery for injuries so sustained.   *Bean v. Co.*, 50 Mo. App. 459.

BURGESS, J.—After over a year's service in the employment of defendant company as fireman on a switch engine, plaintiff determined to quit the service and go to Chicago, and for that purpose procured from the company free transportation from Louisiana, Missouri, where he had been making his headquarters to that city and return. When he received his transportation he placed it in his trunk at his boarding house at Louisiana, and, for the time being, left it there.

On Friday before his injury he went from Louisiana to Bowling Green, Missouri, and remained there until about 1:55 Monday morning, when he boarded one of defendant's passenger trains for Louisiana, where he had to stop to get his transportation before proceeding to Chicago. He paid his fare from Bowling Green to Louisiana to the conductor on the train. When the train upon which he was a passenger arrived at the depot in Louisiana, about 2 o'clock that night, he alighted on the platform where passengers usually get on and off the cars. The railroad at this point runs about east and west, and when headed east, as on this occasion, the engine drawing the train and tender stand on a bridge over a small creek east of the depot. Plaintiff was perfectly familiar with the location of the road and the management of trains at this point, having worked in defendant's yards there for many months. Desiring to see the engineer on some private business of his own, after he got on the depot platform, he started east on the south side of the train to the engine where the engineer was, and finding the way obstructed by baggage and trucks on the platform, he turned back and passed over the platform at the front end of the smoking car to the north side of the train and again turned east toward the engine, but before he reached it the signal to start was given by the engineer, when he again

turned back and attempted to cross over the rear end platform of the baggage car to which the smoker was attached, and coming in contact with a box which had been placed upon the platform, he fell back on the ground, was dragged under the cars, and his left arm run over and crushed so as to necessitate amputation. No one saw plaintiff, nor did he see any person, from the time he crossed over to the north side of the train until after his injury and he returned to the depot platform.

At the close of plaintiff's evidence defendant asked and the court sustained, over the objection and exception of plaintiff, a demurrer to the evidence. Final judgment was then rendered for defendant from which plaintiff appealed.

We are unable to conceive of any theory, under the facts disclosed by the record in this case, upon which plaintiff was entitled to recover. He, however, insists that he had the right to pass over the platform of the rear end of the baggage car, and that defendant was guilty of negligence in having boxes and other obstructions thereon. This and his injury being shown he claims made out a *prima facie* case, which entitled him to have the case go to the jury.

When plaintiff entered defendant's car and paid his fare from Bowling Green to Louisiana to the conductor in charge of the train the law implied a contract on the part of defendant with plaintiff to carry him safely to the point of his destination and to furnish him a safe place to alight from the train when he arrived at the end of his journey, but when he left the platform in a reverse direction from that which passengers usually depart therefrom, and not intended for them to take, and undertook to cross the train to the opposite side from the depot, he ceased to be a passenger and defendant no longer owed him any duty as

such.    *Pittsburgh, etc., Railroad v. Krouse,* 30 Ohio St. 222.

Under the circumstances as soon as plaintiff left the depot platform he became a trespasser, and the defendant owed him no duty except not to wantonly, or by negligence, injure him.    *Barker v. Railroad,* 98 Mo. 50.

There is no pretense that he was injured by any mismanagement of the train, but his right to recover is predicated solely upon the negligence of defendant in permitting on the rear platform of one of its baggage cars, obstructions with which he came in contact, causing him to fall back on the ground, to get under the train, and his arm to be crushed. But as defendant owed him no duty, and had no reason to expect that he would attempt to cross the platform of the baggage car at that time it can not be held to respond in damages for injuries sustained by him by reason of acts of his own. It was an injury for which the defendant is not liable, and for which the law furnishes no remedy.

Finding no reversible error in the record, the judgment is affirmed.    GANTT, P. J., and SHERWOOD, J., concur.