FEEBACK, Plaintiff In Error, v. MISSOURI PACIFIC RAILWAY COMPANY.

### Division One, February 19, 1902.

1. **Negligence:** RIDING ON FREIGHT TRAINS: ALLEGATIONS: PROOF. Allegations that deceased was on a train as a passenger, with the knowledge and consent of the company, are not sustained by evidence that he was there as a trespasser.

2. ———: ———: ———: CUSTOM. Evidence that persons were in the habit of riding in the caboose of defendant's freight train without objections, regardless of the rules of the company, is not admissible if deceased was riding between two cars.

3. ———: DUTY TO PERSON INJURED. Unless the damage complained of arises out of a failure to perform a legal duty to the person injured, or to a class which embraces him, or to the public where he is concerned, there is no cause of action for negligence.

4. ———: ———: TRESPASSER. A railroad company owes a trespasser on one of its freight trains only the duty of avoiding the wanton infliction of an injury.

5. ———: ———: ———: CASE STATED. Two freight trains were to meet at a small station. The one which arrived first took the switch, but continued to move slowly, and as the engine got opposite the depot, the engineer got off and went in for his orders, leaving the train still moving slowly, without notifying the fireman of his absence. Some one twice told him the fireman did not know he was gone, and that he was not trying to stop the engine. He knew the train was coming from the other direction, and gave no heed until his engine was within three rods of the main track, when he started rapidly towards it, but before he had arrived it had moved on the main track, and the other train, a through freight, had crushed into it, and plaintiff's husband was killed. He had, on being refused the privilege of riding on the through freight at the station beyond, crawled up between two cars, and the train men did not know he was there until after the accident. The petition alleged that deceased was on a train that usually carried passengers, with the knowledge and consent of defendant. But at the trial plaintiff attempted to show that the conduct of the engineer in fault was so grossly negligent that de-

fendant was liable although deceased was a mere trespasser.  *Held,* first, there was a variance between petition and proof; second, deceased was not a passenger, but a mere trespasser, and defendant owed him no duty except to avoid wantonly injuring him.

Error to Cass Circuit Court.—*Hon. W. W. Wood,* Judge.

AFFIRMED.

*Geo. Bird* and *James T. Burney* for plaintiff in error.

(1)   Although deceased was a trespasser on defendant's train and was guilty of negligence in riding thereon in violation of the company's rules, yet such negligence was not contributory, and will not preclude a recovery in this case, because it was not the proximate cause of the injury.   7 Am. and Eng. Ency. Law (2 Ed.), 401; Kelly v. Railroad, 95 Mo. 279.   (2)   Plaintiff is entitled to recover in this action because the employees of defendant, on its south bound train, could, by the exercise of ordinary care, have known of the danger of a collision with the north bound train on which the deceased was riding in time to have averted the injury, and failed to make such discovery in time solely because of recklessness and carelessness on their part.  Harlan v. Railroad, 65 Mo. 22; Scoville v. Railroad, 81 Mo. 434; Frick v. Railroad, 75 Mo. 595; Rine v. Railroad, 88 Mo. 392; Kelly v. Railroad, 95 Mo. 279; Williams v. Railroad, 96 Mo. 280; Morgan v. Railroad, 60 S. W. 195; Lynch v. Railroad, 111 Mo. 609; Kellny v. Railroad, 101 Mo. 73; Donohue v. Railroad, 91 Mo. 357.   (3)   The conduct of defendant's employees on its southbound train was reckless and criminal negligence, equivalent in law to intentional injury.   Under these circumstances defendant will not be heard to excuse itself on the ground of deceased's contributory negligence.   Kellny v. Railroad, 101 Mo. 73; Roddy v. Railroad, 104 Mo. 246; Morgan v. Railroad, supra; Shear. and Red. on Neg. (5 Ed.), sec.

64; Crossman v. City of Lynn, 121 Mass. 301; Railroad v. Hankerson, 61 Ga. 114; Kenyon v. Railroad, 5 Hun (N. Y.), 479; Railroad v. Whipple, 39 Kan. 531; Railroad v. Brice, 84 Ky. 298; Railroad v. Gastineau, 83 Ky. 119; Railroad v. Webster, 25 Fla. 394; Railroad v. Hirst, 30 Fla. 1; Palmer v. Railroad, 112 Ind. 250; Railroad v. Wheeler, 115 Ind. 253; Brannen v. Railroad, 115 Ind. 115; Railroad v. Bills, 118 Ind. 221; Railroad v. Cooper, 6 L. R. A. 241; Shumacher v. Railroad, 39 Fed. Rep. 174; Sellick v. Railroad, 92 Mich. 375, 18 L. R. A. 154; Beach on Contributory Neg., sec. 62; 2 Sutherland on Damages, p. 435. (4) The court erred in refusing to allow the evidence offered by plaintiff to the effect that persons were in the habit of riding without objection on the freight trains of defendant mentioned in evidence, regardless of the rules of the company. (5) The engineer of defendant in charge of its southbound train was guilty of such culpable negligence as amounted to a felony, defined by statute as manslaughter in the third degree. R. S. 1899, sec. 1832; R. S. 1889, sec. 3475.

*R. T. Railey* for defendant in error.

(1) It is conceded that deceased was a trespasser secreted on the train without defendant's knowing that he was there. Under these circumstances, the law is well settled that defendant owed deceased no duty whatever at the time and place of the accident. Hallihan v. Railroad, 71 Mo. 117; Henry v. Railroad, 76 Mo. 295; Williams v. Railroad, 96 Mo. 282; Barker v. Railroad, 98 Mo. 54; Berry v. Railroad, 124 Mo. 300; Barney v. Railroad, 126 Mo. 388; Loring v. Railroad, 128 Mo. 360. Being a trespasser, the company owed him no duty, except not to wantonly, willfully or with gross negligence injure him. The company was not in duty bound to look out for him. Maher v. Railroad, 64 Mo. 267; Hallihan v. Railroad, 71 Mo. 114; Maloy v. Railroad, 84 Mo.

270; Rine v. Railroad, 88 Mo. 392; Williams v. Railroad, 96 Mo. 275; Langan v. Railroad, 72 Mo. 394; Comly v. Railroad, 12 Atl. Rep. 496.    (2)  In the country, outside of highways, and especially where the track is fenced, the railroad company is entitled to a clear track.    It is not required to be on the lookout for trespassers, under such circumstances.  Maher v. Railroad, 64 Mo. 276; Yarnell v. Railroad, 75 Mo. 579; Donahoe v. Railroad, 83 Mo. 554; Maloy v. Railroad, 84 Mo. 274; Barker v. Railroad, 98 Mo. 53; Shaw v. Railroad, 104 Mo. 656; Sinclair v. Railroad, 133 Mo. 240; Coatney v. Railroad, 151 Mo. 49; Mirrielees v. Railroad, 63 S. W. 722.   The rule of law is well settled by the foregoing authorities, that unless a trespasser upon or near the track is actually seen in peril, by defendants' servants in charge of the train, in time to avoid injury thereafter, by the exercise of ordinary care, he can not recover under any circumstances, regardless of his own contributory negligence.    (3)   The law is likewise well settled in this State, that where the railway crosses a street or highway, the citizen and the railway company, when desiring to use said crossing, shall each exercise ordinary care in looking out for the other, under such circumstances.    A duty devolves upon the railway company as well as the citizen, under the circumstances aforesaid, to be vigilant in looking out for danger.    Harlan v. Railroad, 64 Mo. 483; Harlan v. Railroad, 65 Mo. 22; Purl v. Railroad, 72 Mo. 168; Kelly v. Railroad, 75 Mo. 140; Donohue v. Railroad, 91 Mo. 366; Boyd v. Railroad, 105 Mo. 371; Dlauhi v. Railroad, 105 Mo. 648; Watson v. Railroad, 133 Mo. 246; Culbertson v. Railroad, 140 Mo. 64; Peterson v. Railroad, 156 Mo. 555; Holwerson v. Railroad, 157 Mo. 223; Davies v. Railroad, 159 Mo. 6.    (4)   Some of the authorities in this State hold, that where a railroad runs through cities and towns, where its track is unfenced, and where men, women and children are constantly passing and repassing over its track, from

a humanitarian standpoint of view, the railway company has no right to assume that its track is clear, and to run its trains accordingly. Bell v. Railroad, 72 Mo. 58; Frick v. Railroad, 75 Mo. 600; Lenix v. Railroad, 76 Mo. 86; Powell v. Railroad, 76 Mo. 80; Scoville v. Railroad, 81 Mo. 439; Rine v. Railroad, 88 Mo. 398; Yancey v. Railroad, 93 Mo. 433; Williams v. Railroad, 96 Mo. 277; Kellny v. Railroad, 101 Mo. 73; Fiedler v. Railroad, 107 Mo. 645; Hyde v. Railroad, 110 Mo. 272; Maxey v. Railroad, 113 Mo. 1; Rearden v. Railroad, 114 Mo. 405; Spillane v. Railroad, 135 Mo. 414; Vogg v. Railroad, 138 Mo. 176; Tanner v. Railroad, 161 Mo. 497. (5) In cities, towns and populous districts, where the railway company has permitted the public to use its track extensively for years, as though it were a highway, it has been asserted by some of the Missouri cases in respect to defendant's negligence, that the servants of the railway company have no right to rely on a clear track, under all circumstances, but under the conditions aforesaid must exercise ordinary care towards those people thus permitted to use said track. Frick v. Railroad, 75 Mo. 609; Williams v. Railroad, 96 Mo. 279; LeMay v. Railroad, 105 Mo. 370; Lynch v. Railroad, 111 Mo. 609; Maxey v. Railroad, 133 Mo. 1; Chamberlin v. Railroad, 113 Mo. 587; Morgan v. Railroad, 159 Mo. 276. It is unnecessary to discuss the question as to whether the foregoing principle of law is sound or otherwise, for the obvious reason that it affords no remedy to this plaintiff in any aspect of the case. (6) In this class of cases, where the servant is at work along the line of road, it is his duty to be on the lookout for trains. Under such circumstances, the defendant is only liable for injuring him, after he is actually discovered to be in peril. Kelly v. Railroad, 95 Mo. 282; Schlereth v. Railroad, 115 Mo. 100; Loring v. Railroad, 128 Mo. 360; Sharp v. Railroad, 161 Mo. 214. (7) It stands admitted that deceased was a trespasser on defendant's train, which did not carry passengers. He was there against the

positive orders of the men in charge thereof, and without their knowledge or consent. His presence was unknown to any of the trainmen. He occupied a position of extreme danger, as the facts therein disclose. All the trainmen of both crews escaped and he alone was killed. He was not in a position where he could keep himself informed as to the running of the train, or the danger to be apprehended. He was likewise there, as a trespasser under the statute, as declared by Judge BLACK, in the Barker case, supra. He knew he was occupying a dangerous position, and one in which the defendant could render him no assistance. In other words, he willfully, recklessly and wantonly took his life in his own hands, without any knowledge of defendant's servants as to his position; and having lost his life under such conditions, the plaintiff should not be permitted to recover herein. Powell v. Railroad, 76 Mo. 80; Barker v. Railroad, 98 Mo. 53; Boyd v. Railroad, 105 Mo. 371; Hyde v. Railroad, 110 Mo. 272; Maxey v. Railroad, 113 Mo. 1; Watson v. Railroad, 133 Mo. 246; Sinclair v. Railroad, 133 Mo. 240; Vogg v. Railroad, 138 Mo. 176; Culbertson v. Railroad, 140 Mo. 64; Coatney v. Railroad, 151 Mo. 49; Peterson v. Railroad, 156 Mo. 555; Holwerson v. Railroad, 157 Mo. 223; Davies v. Railroad, 159 Mo. 6; Tanner v. Railroad, 161 Mo. 497; Sharp v. Railroad, 161 Mo. 214.

VALLIANT, J.—Plaintiff sues to recover damages for the death of her husband who was killed in a railroad wreck caused by the collision of two freight trains owned and operated by the defendant. The accident occurred at Adrian, in Bates county.

The petition avers that it was the custom of defendant, its officers, agents and employees to carry "passengers and other persons, on all its trains, including freight trains," and that on this occasion the plaintiff's husband was on the freight train that was wrecked "with the permission, knowledge and

consent of the defendant, its officers, agents, servants and employees" for the purpose of being carried from Butler to Harrisonville.

By the plaintiff's evidence the following facts were shown. These two freight trains were to pass each other at Adrian, the north-bound train had the right of way, and the southbound train arriving first, switched into the side track to clear the main track for the other train which was due.

After passing on to the side track the engineer in charge of the south-bound train stepped off his engine while it was moving and went towards the depot to get his orders; the fireman was on the train, but whether he knew the engineer had left it or not does not appear.

It was down grade and the steam was not shut off nor the brakes set, though the train was moving slowly. While the engineer was walking towards the depot one of the witnesses said to him, "The fireman don't know you are off," to which the engineer replied, "He does," but witness repeated, "He does not." Then the engineer said, "Let him go to hell, then." But when the engine reached a point within about three rods of the main line the engineer seeming to realize the danger ran to the train and jumped on a car and then ran ahead along the cars towards the locomotive. The fireman about that time reversed the engine, but it was too late, it had passed on to the main track, and the north-bound train running at a rate of eighteen or twenty miles an hour struck it and the wreck ensued. As soon as the engineer on the north-bound train discovered the other locomotive on the main track, it being then too late to avoid a collision, he sounded the danger signal and he and the rest of the train crew jumped off and thus saved themselves.

This north-bound train was what was called a "through freight." It consisted of twenty-five or thirty cars, four or five box cars next to the engine, a lot of coal cars and a caboose at the end. The plaintiff's husband, in company with his

brother and another companion, was at Butler, which is south
of Adrian, when this north-bound train stopped there.   He
went to the caboose alone and when he returned he told his
brother and his other companion that he had asked the brake-
man (the conductor not being there at the time) for permission
to ride to Harrisonville, and the brakeman refused to allow
him to get on the train.   Then he and his brother and the
other companion started walking up the track and when the
train came along moving slowly he climbed on it, taking a
position on the front end of the front coal car just in the rear
of the box cars.   The train stopped in a short distance and
two of the box cars were cut off and side-tracked, then the
engine reattached to the train and it moved on.   When this
stop was made the plaintiff's husband got off and joined his
companions, but when it started he got on again in the same
position.   The train moved on and that is the last time those
companions saw him alive.   When the work of removing the
wreck was going on, the cars were pulled apart and his dead
body fell down in the track.   It had been crushed between the
cars.

The counsel for the plaintiff asked one of his witnesses
this question:   "Do you know of any parties riding backwards
and forwards on the road there on this freight train?"   To
which defendant objected, the objection was sustained and the
plaintiff excepted.

At the close of the plaintiff's case defendant asked an
instruction in the nature of a demurrer to the evidence which
the court refused.   Then the defendant introduced evidence
which tended to show that the deceased came into the caboose
at Butler and asked to be allowed to ride to Harrisonville.
The conductor at the time being in or about the depot, the
brakeman told the deceased that this was a through freight
and did not carry passengers.   Deceased said he had money to
pay, but the brakeman still refused. He then tried to get on

the engine, and told the engineer that he had money to pay, but the engineer refused to allow him to get on. None of the crew knew that he was on the train until his dead body was discovered when the wreck was being removed.

At the close of all the evidence the court instructed the jury that the plaintiff was not entitled to recover; the plaintiff took a nonsuit with leave, and after due course brings the cause here by appeal.

I.   It is assigned for error that the court refused to allow the plaintiff to introduce evidence to the effect that passengers were habitually allowed to ride upon the freight trains of defendant, with the knowledge and consent of its employees.

Evidence tending to show that passengers were allowed to ride on freight trains with the knowledge and consent of employees would not tend to show that persons were allowed to ride as the deceased in this instance was riding, hidden between the front end of a coal car and the rear end of a box car.   There was a caboose on this train and if passengers were allowed on the train they would be in the caboose.

In the brief for appellant it is said that the court erred in refusing evidence offered by plaintiff to the effect that persons were in the habit of riding without objection on the freight trains of defendant regardless of the rules of the company.

The plaintiff's offer did not include evidence to show that the deceased was on the train regardless of the rules of the company.

And if the offer had been made it would have been irrelevant under the averments of the petition, which were that passengers and other persons were carried on all the freight trains, even in flat or box cars, with the full knowledge and consent, not only of the employees and servants, but of the defendant itself and its officers.   And the petition avers that the plaintiff's husband was on this train "with the permission, knowledge and consent of the defendant  .  .  .    for the

purpose of going to Harrisonville." If he was there under those conditions he was a passenger and evidence tending to show that he was a trespasser or that he was there with the connivance of the train crew in violation of the rules of the defendant would have been in contradiction of the petition. The court did not err in sustaining the objection to the evidence.

II.  There was no evidence tending to show that the engineer or any of the crew of the north-bound train committed any breach of duty.  The wreck was due to the act of the engineer of the south-bound train in leaving his engine, with steam on and brakes open, moving towards and near the point of contact with the train coming in the opposite direction. Whether or not that act was negligence in the technical sens° as affecting the plaintiff's cause of action depends on the answer that must be given to the question whether or not the engineer in that act failed to discharge a duty the defendant then owed to the plaintiff's husband under the circumstances of the case.

The term "negligence" in its technical sense embraces in its definition a failure to discharge a legal duty owing to the injured person.  A right of action does not accrue to a plaintiff for an accidental damage sustained in consequence of the failure of a defendant to discharge a duty owing to a third person.  [Roddy v. Railroad, 104 Mo. 234; 1 Thomp. on Neg. (New Ed.), sec. 3.]  The legal duty here referred to may be assumed voluntarily as by contract, or it may be imposed involuntarily by the relation of the parties and the environments.  But unless the damage complained of arises out of a failure to perform a legal duty to the person injured, there is no cause of action.  It is not necessary that the duty be owing to the person in particular; it is sufficient if it be owing to a class which embraces him, or to the public where he is concerned.

Now, what duty did the defendant corporation owe to the

plaintiff's husband under the circumstances of this case? According to the petition he was a passenger and consequently the corporation owed him a duty to exercise a high degree of care for his protection. True, the petition does not call him by that name, but it declares that he was on a train of defendant's on which it usually carried passengers, and was there with the knowledge and consent of the defendant to be carried to his appointed destination on the defendant's road. If that declaration were true, he was a passenger. But on the trial the plaintiff did not attempt to maintain that position, but contended that the conduct of the engineer in fault, was so grossly negligent, that the defendant was liable, although the plaintiff's husband was a mere trespasser. Thus the plaintiff is in the attitude of suing in one capacity and trying to recover in another.

But even a trespasser has some rights. If a man intrudes into your house when you have forbidden him to enter, you have no right to kill him, but you may expel him by using just sufficient force for that purpose; you owe him, under those conditions, the duty to avoid inflicting on him unnecessary injury. But if the man is secreted in a closet without your knowledge and you are carelessly handling a gun and allow it to be discharged and wound him, you are not liable, however careless you may have been, nor was your conduct negligence in the technical sense. There is a difference between carelessness in common parlance and negligence in the technical sense.

The plaintiff's husband was a trespasser on the train and the only duty the defendant owed him was to avoid inflicting injury on him wantonly. He had no share in the duty the engineer owed to the train crew or to possible passengers on the train.

How can it be said, therefore, that the careless engineer of the south-bound train neglected any duty he owed to this man when he had no knowledge of or reason to apprehend his

presence? It is argued by the learned counsel, that the engineer knew that those trains habitually carried passengers and therefore he ought to have apprehended that passengers were on this train and his conduct was a reckless disregard of his duty in that respect. But disregard of a duty owing to passengers gives no cause of action to one who was not a passenger. The petition does not aver that the engineer had reason to apprehend that the plaintiff's husband was on the train in a position of extraordinary danger where passengers do not ordinarily ride. If the case had been stated in the petition as it was made out by the plaintiff's evidence on the trial, it would probably have been ended on demurrer.

There is nothing in the facts of this case to bring it within the doctrine announced in Kellny v. Railroad, 101 Mo. 67, and Morgan v. Railroad, 159 Mo. 262, cited in the briefs. However careless the conduct of the engineer of the south-bound train may be considered, it can not be adjudged to have been a violation of any duty the defendant owed the plaintiff's husband, and therefore it was not negligence for which the defendant is liable in this suit.

The judgment of the circuit court is affirmed. All concur.