## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

MARCH TERM, 1905.

*(Continued from Volume 113.)*

ROLLA WILLIAMS, by next friend, Respondent, v. METROPOLITAN STREET RAILWAY COM-PANY, Appellant.

Kansas City Court of Appeals, June 26, 1905.

1. **STREET RAILROADS: Negligence: Trespass: Instructions.** The rule that a railroad is only liable to the injured person for negligence after the discovery of his peril is not based upon the mere fact that he is a trespasser; and where the plaintiff was injured in a populous city, where people are in the habit of walking on the track, an instruction that if the defendant's employees, by proper care could have discovered his peril in time to have averted the danger it was liable, is proper under the evidence.

2. ———: ———: **Risk of Stoppage: Evidence.** To warrant failure to stop the car when a person is discovered on the track on the ground of danger to passengers and employees, the risk should be at least probable, not merely possible, and the evidence fails to show such probability, but does show that the car could have been stopped with safety in a given distance.

3. ———: ———: **Pleading: Instruction: Variance: Surprise.** The variance between an instruction and the pleading is held to be purely technical and not to enlarge the issues, and if it caused surprise should have been taken advantage of by affidavit.

4. ———: ———: **Walking on Track: Defendant's Consent.** The fact that defendant forbade persons to walk on its track cannot affect its liability for negligent injury where the public used the tracks without defendant's consent.

Appeal from Jackson Circuit Court.—*Hon. John L. Peak,* Special Judge.

AFFIRMED.

*John H. Lucas* for appellant.

(1) The court erred in refusing to sustain the demurrer of the defendant, and refusing to give its peremptory instruction at the close of the case. Anderson v. Railway, 23 L. R. A. 203; Chenery v. Railroad, 22 L. R. A. 575; Railroad v. Eicher, 67 N. E. Rep. 376; Griswold v. Railroad, 14 Am. Neg. R. 78; Weldon v. Railroad, 13 Am. & Eng. R. R. N. S. 762; Railroad v. Rack, 1st Street Railway Rep., 796; Tennenbrock v. Railroad, 59 Cal. 269; Railway v. Leach, 91 Ga. 419; Mason v. Railroad, 27 Kansas 83-9; Tully v. Railroad, 23 Am. & Eng. N. S. 212-13; Loring v. Railroad, 128 Mo. 359; Hyde v. Railroad, 110 Mo. 277; Feeback v. Railroad, 167 Mo. 215; Barker v. Railroad, 98 Mo. 50-5; Williams v. Railway, 96 Mo. 275-84; Rine v. Railroad, 88 Mo. 400; Maloy v. Railroad, 84 Mo. 270-6; Hallehan v. Railroad, 71 Mo. 113-18; Conner v. Railway, 74 S. W. R. 1002-7; Sharp v. Railway, 161 Mo. 235; Tanner v. Railway, 161 Mo. 497. (2) The court erred in giving instructions requested by the plaintiff, and refusing to give those asked by the defendant. Maher v. Railroad, 64 Mo. 276; Culbertson v. Railroad, 140 Mo. 59; Ruschenberg v. Railway, 161 Mo. 81; Heinzle v. Railroad, 81 S. W. R. 848; Senn v. Railway, 108 Mo. 151; See authorities cited in Subdivision I. Bank v. Murdock, 62 Mo. 73; Mallmann v. Harris, 65 Mo. App. 1. c. 133; Carder v. Primm, 60 Mo. App. 427; Fitzgerald v. Hayward, 50 Mo. 523; Lesser v. Railroad, 85 Mo. App. 335.

*W. H. Wallace, T. B. Wallace* and *W. C. Culbertson* for respondent.

(1) The court did not err in submitting to the jury the question whether the defendant's servants by the use of ordinary care could have discovered the perilous situation of the plaintiff in time by the use of ordinary care to have stopped the train before the plaintiff was injured. This was a proper case for the application of the rule. Brown v. Railway, 50 Mo. 461; Isabel v. Railway, 60 Mo. 475; Frick v. Railroad, 75 Mo. 610; Werner v. Railroad, 81 Mo. 368; Scoville v. Railroad, 81 Mo. 434; Donohoe v. Railroad, 83 Mo. 542; Rine v. Railroad, 88 Mo. 400; Guenther v. Railroad, 95 Mo. 286; Durkman v. Railroad, 95 Mo. 244-246; Williams v. Railroad, 96 Mo. 281; Fielder v. Railroad, 107 Mo. 645; Lynch v. Railroad, 111 Mo. 601; Morgan v. Railroad, 159 Mo. 262; Note in L. R. A., Vol. 55, p. 449; Brooks v. Railroad, 35 Mo. App. 571; Hill v. Railway, 49 Mo. App. p. 533; 121 Mo. 478; Spencer v. Railroad, 91 Mo. App. 91. (2) The assertion of the appellant that there was no evidence or circumstance in the case showing within what distance the cars could be stopped, is without foundation.

BROADDUS, P. J.—The plaintiff sues to recover damages for an injury received, alleged to have been the result of negligence upon the part of defendant. Plaintiff, fourteen years of age, was injured in Kansas City, Missouri, at about 9:15 p. m. on the twenty-sixth day of December, 1900, by being run upon by the cable cars of the defendant. He was an employee of a tin factory, had worked late and was returning home at the time mentioned. In company with an older brother and one, John Steele, he was proceeding east on defendant's track. Being in advance, he turned to address his companions when his foot was caught between two rails of a safety device placed in the track half way between the

slot and the south rail. He made known to the other two boys his condition and they came up and endeavored to extricate his foot but were unable to do so. They then discovered a cable car as it started.from the Union Depot station coming up the track on which plaintiff was fastened. So much of the facts are undisputed.

The plaintiff's evidence tends further to show that, Williams and Steele ran down about the distance of a block and met the car and called to the gripman to stop "as there was a boy fastened on the track." They began calling to the gripman to stop until they met the car and they then turned and ran along its side calling all the way to the gripman to stop as there was "a boy on the track;" and that the gripman saw them but made no effort to stop the car. Steele testified that there was a headlight on the car and that he could see plaintiff on the track when the car was a block away. When the car struck plaintiff he caught with his arms around the coupling and held on, his body passing under the car. He was dragged in this position about fifteen feet when the car was stopped. He was severely injured. The place where plaintiff was injured was on a steep incline.

The defendant's conductor testified that he was standing on the front of the car but did not see plaintiff until he was within fifteen feet of him. The gripman testified that he heard one of the boys make an outcry but that he could not tell what he said; but that he applied the brakes and got ready to stop and that he did all he could to stop. After the car struck the plaintiff it started back down the hill a short distance.

The defendant's evidence was to the effect that it was extremely dangerous to stop a car on the incline on account of its steepness. The defendant had apparently adopted every reasonable precaution for safety in the operation of its cars on said part of its tracks. In addition to the grip which held to the cable, the car was equipped with brakes and the defendant had provided a twisted or coiled wire rope running along be-

tween its tracks into which coils a hook might be dropped by the conductor in cases of emergency. This hook was attached to the body of the car by a strong cable and was always in the hands of the conductor, who stood on the front of the car going up and the rear going down the hill, to be dropped into the coiled wire rope should occasion arise. It was shown, however, that in any sudden effort to stop a car either going up or down the incline the grip was liable to let loose of the cable, the brakes to prove insufficient to hold the car and the hook to break as a result of the sudden strain. Under such condition, all control of the car would be lost by the operators and the force of gravity would be so great that almost certain disaster would result to passengers and employees. It was shown that persons were in the habit of walking over the tracks where plaintiff was injured both in going up and down the incline and that wagons passed over this part of defendant's right of way. And there was evidence that at different times the defendant's cars were stopped in safety on the incline. Evidence was produced pro and con as to whether the ground occupied by said track was the private property of defendant or a part of Ninth street.

The plaintiff recovered and defendant appealed.

The defendant insists that the court erred in not sustaining its demurrer to plaintiff's case on the close of his evidence, and also at the close of all the evidence. This contention is predicated upon the assumption that the place where plaintiff was injured was the private property of defendant, that he was therefore a trespasser and that the only duty it owed him was not to have injured him if it could have been avoided by proper care after the discovery of his peril. A long line of decisions not only of courts of this State, but also of other states, are cited to sustain its position. Among these are the following: Rine v. Railway, 88 Mo. 392; Yarnell v. Railway, 75 Mo. 575; Maher v. Railway, 64 Mo. 267; Zimmerman v. Railway, 71 Mo. 476; Feeback v. Rail-

way, 167 Mo. 206; Barker v. Railway, 98 Mo. 50. In Rine v. Ry. Co., supra, the deceased was walking on defendant's depot switch track when he was killed. The court held that defendant was liable for negligence only after the discovery of the peril of deceased. In Yarnell v. Railway, 75 Mo., supra, the plaintiff's husband was killed while walking on defendant's track after dark in a country district. The court held that the defendant's employees had the right to assume that the track was clear, even though they knew it was used as a foot path, and defendant was liable only for such negligence on its part as occurred after the discovery of the peril of the deceased. In Feeback v. Railway, supra, it was shown that notwithstanding defendant's negligence, the defendant's engineer in charge of its train did not know of the perilous situation of the plaintiff and could not have discovered it by the exercise of proper care. Other cases cited enunciate a similar doctrine. Authorities from other states cited we will not notice as the question must be determined by the decisions of the courts of this State.

In the recent case of Morgan v. Railroad, 159 Mo. 262, VALLIANT, judge, rendering the opinion, applied the humanitarian doctrine to its fullest extent. There, the deceased was walking on defendant's track which had been used by pedestrians for many years. After stating the general rule that a person guilty of contributory negligence is not entitled to recover for an injury received at the hands of another, the court adopted the doctrine held in Kellny v. Railroad, 101 Mo. 67, that, if defendant by the exercise of proper care could have discovered the perilous situation of plaintiff in time to have prevented the injury it was liable. In Barker v. Railroad, supra, the court held that deceased was killed at a place where the railroad owed him no duty. That he "was killed at a place where defendant's road was fenced and where there was nothing in the surroundings that would naturally or reasonably lead the servants in

charge of the train to suspect that persons would be on the track. We have been speaking of the case before us, not of others which may present a different state of facts."

The rule that a railroad is only liable to the injured for negligence after the discovery of his peril is not based upon the mere fact that he is a trespasser. In Chamberlain v. Railroad, 133 Mo. 587, the deceased was a trespasser, but it was shown that "the accident occurred in a populous neighborhood just outside of the city limits, where workmen were in the habit of walking on the track; that from the point where deceased was struck, the track was level and straight for two thousand feet in the direction from which the train came, and that no signal was given until the engine was nearly upon deceased. Held, that it was a question for the jury whether the company's employees might, by the use of ordinary care, have seen the deceased in time to have averted the accident." See also Guenther v. Railroad, 95 Mo. 286; Fiedler v. Railroad, 107 Mo. 651. In Morgan v. Railroad Co., supra, after referring to these latter cases the court said: "There are other cases in our reports on this subject, but those above quoted are sufficient to show that the law on this point has been well considered and definitely settled by this court, and our decisions are all in harmony." After commenting on the cases of Rine and Barker the judge states the rule thus: "In one class of cases the train crew had no reason to expect a man to be on the track, in the other class they had reason to expect such a condition, and the duty of those handling the train varied as the circumstances required." The question, we see, is well illustrated by an old and familiar saying that "circumstances alter cases."

In the case under consideration here the place where plaintiff was injured was in a populous city where people were in the habit of walking on the track and where even vehicles were driven. The court properly instructed the jury that if defendant's employees by the

exercise of proper care could have discovered plaintiff's peril in time to have averted the danger it was liable. That plaintiff was guilty of negligence must be admitted, and defendant's liability, if any, must depend upon proof of its negligence in failing to stop its cars under the circumstances after a discovery of plaintiff's danger; or if, by the exercise of proper care it could have so discovered his danger in time to have averted the accident without endangering the safety of its passengers and employees. We think this is a proper statement of the law applicable to the facts of the case. Or, as stated in Bunyan v. Railway, 127 Mo. 12: "It was the duty of the gripman, and other employees, to keep a vigilant watch for persons on or approaching the track, and, when discovered in danger, to use every possible offort consistent with the safety of passengers to avoid striking him. This duty does not depend upon the fact that the person had negligently placed himself in the position of danger. The previous negligence of such person would constitute no defense to an action for an injury resulting from the neglect of those duties."

The evidence tended to show that defendant's conductor and gripman could have seen the plaintiff on the track a block away and in ample time to have avoided running upon him. And during the time the other two boys were running alongside of the car calling out to them that a boy was on the track, yet no effort was made to stop the car in time to avert the injury. The headlight of the car was burning, illuminating the track on the ascending grade which afforded a much better opportunity for seeing ahead than on a level or on a descending grade.

Much evidence was introduced by defendant to the effect that it was dangerous to stop its cars on the incline as in so doing it would imperil the safety of the passengers. But there was evidence that its cars were often stopped at the place in controversy in safety. But it does not appear that such risk was probable. It was

possible. In order for such danger to be realized, the grip would have to lose its hold of the cable, the breaks cease to work and the hook would have to break.

It is contended further that there was no evidence to prove in what distance the car could have been stopped in safety. But there was such evidence. The gripman testified that he could stop the car almost immediately. The conductor testified that the car went only a few feet after the gripman put on the breaks; and another witness testified to the same effect.

Defendant criticises instruction numbered two given for plaintiff because it permits a recovery if plaintiff was injured at a place on defendant's track, "where the public was accustomed to walk." The objection being that he was thereby allowed to recover on a ground not alleged in his petition. The allegation of the petition is that he was injured "while passing on and along a place used as a part of Ninth street in Kansas City, Missouri, said place being a place where the public was accustomed to walk upon the track of defendant." The objection is purely technical. At most it is not such a variation as will avail defendant at this time. If it felt itself injured it should have made the proper affidavit at the trial as the statute provides for in such cases. But we do not think that it amounts to even a technical variation. It does not in any way enlarge the issue. Under the allegations quoted plaintiff was not required to prove that the act occurred on Ninth street but that it occurred at a place "where the public was accustomed to walk." The proof of one or the other allegation was sufficient for the purpose.

And it is criticised for the further reason that it ignores the consent of defendant for the public to so use its tracks. This objection, we infer, is predicated upon the proof that defendant forbade persons walking at the place. We cannot see how this could affect the question. If it was a fact that the public used the tracks as stated, without the consent of defendant, the condition

was the same as if it had been consented to, and the element of danger was equally as great.

The cause was tried upon the proper theory. We find no error. Affirmed. All concur.

