JOSEPH D. FORSYTHE, Appellant, v. SHRYACK-THOM GROCERY COMPANY.

Division Two, June 4, 1920.

1. **BILL OF EXCEPTIONS: Time of Filing.** Under Section 2029, Revised Statutes 1909, as amended by Laws 1911, page 139, a bill of exceptions filed on August 22nd, in a cause docketed for hearing

in the appellate court at the succeeding October term, is filed in time.

2. **NEGLIGENCE: Trespasser.** A trespasser on the inside of defendant's building at the time he fell through a hatchway is not entitled to recover damages for personal injuries sustained.

3. ———: **Invitee: Pleading: Knowledge and Consent.** A petition which alleges that plaintiff was working about defendant's building with the knowledge and consent of plaintiff, but does not allege that he came upon the premises to transact business with defendant or that he was an invitee, does not state a good cause of action for damages for personal injuries sustained by him as an invitee.

4. ———: **Licensee.** Where the undisputed evidence shows that plaintiff was on the inside of defendant's premises at the time he fell through a dark hatchway into the basement, either purely as a licensee or as a trespasser, he cannot recover damages for his personal injuries

Appeal from Adair Circuit Court.—*Hon. Charles D. Stewart*, Judge.

AFFIRMED.

*Campbell & Ellison* and *Cooley & Murrell* for appellant.

(1) The instructions are conflicting. Russell v. Poor, 133 Mo. App. 729; Butz v. Const Co., 137 Mo. App. 228. (2) Defendant's Instruction 5 is erroneous. If McGrew, the owner of the building, directed plaintiff to make repairs in a certain way or that could only be made in a certain way he was rightfully on the premises when acting on that direction, even "without the invitation or request of defendant."

*Higbee & Mills* for respondent.

(1) The petition does not state facts sufficient to constitute an action. It in substance, alleges that plaintiff, with the knowledge and consent of the defendant, went into defendant's building on his own business. It does not allege an invitation, or that plaintiff was even

licensee. The court therefore erred in overruling defendant's objection to the introduction of any evidence, and in submitting the case to the jury. Bender v. Weber, 250 Mo. 567; Glaser v. Rothschild, 221 Mo. 184. (2) Plaintiff's own evidence is clear that he went into defendant's building on his own business without even the knowledge of defendant or any of its employees; hence, the court erred in giving plaintiff's instructions, and in submitting the cases to the jury. (3) The court erred in giving plaintiff's instructions; they broadened the issues. There is no invitation pleaded in the petition, nor was there any evidence of an invitation. The most that is claimed is that Charles Shryack, a clerk in the defendant's store, permitted Otto to remove the window frames from the inside of defendant's building. The instructions authorized a finding from this fact that defendant invited plaintiff to fill the spaces with brick and mortar from the inside. (4) There being no justification for the giving of plaintiff's instructions, either in the petition or the evidence, error may not be predicated on the contention that defendant's instructions are not consistent with plaintiff's. State ex rel. v. Ellison, 176 S. W. 13.

MOZLEY, C.—This case was certified here by the Kansas City Court of Appeals, on the ground that its opinion is in conflict with those of the Springfield Court of Appeals in State v. Bailey, 181 S. W. 605, and Planters Bank v. Phillips, 186 S. W. 752, in regard to time for filing bill of exceptions.

The petition, as set out in appellant's abstract, states, in substance, that defendant was in possession and control of a two-story brick building in Kirksville, Missouri, carrying on in said building a wholesale grocery business, under the name of "Shryack-Thom Grocery Co.;" that there was a hatchway or elevator opening, near the northwest corner on each floor, which was used by defendant for hoisting and lowering goods to and from said floors; that it was and became the duty of defendants to put and keep their said premises, hatch-

way, openings and appliances in a safe condition, and to protect from injury all persons having lawful business upon said premises; that on the — day of October, 1908, plaintiff, with the knowledge and consent of defendant, was working in and about said building and, without his fault, fell through the hatchway and opening of the first floor to the basement, and sustained the injuries complained of in petition; that the front part of said building was filled with goods, boxes and other articles; that the rear end of said room, near the elevator, was dark on account of the light being shut out by the goods and boxes aforesaid; that plaintiff was unfamiliar with said elevator, and the opening aforesaid, and was not aware of the existence and danger thereof; that it was the duty of defendant to warn plaintiff of the dangers of said hatchway and opening, which it carelessly and negligently failed to do; that in consequence of the aforesaid wrongful acts, neglect and default of defendant, and without fault of plaintiff, he fell into and through said hatchway and opening on the first floor aforesaid, on the date aforesaid, was injured as alleged in the petition, and was damaged in the sum of $7,500, etc.

Defendant's answer admitted its incorporation, and denied every other allegation of the petition.

The evidence, instructions and rulings of the court will be considered, as far as necessary, in the opinion.

The jury returned a verdict for defendant. Plaintiff filed his motion for a new trial, which was overruled, the cause appealed by him to the Kansas City Court of Appeals, and certified to this court, as heretofore stated. The Court of Appeals reversed and remanded the cause for a new trial in an opinion by Judge JOHNSON.

I. It is insisted by respondent that plaintiff's bill of exceptions was not filed within the time required by Section 2029, Revised Statutes 1909, as amended by the Laws 1911, page 139. This contention is without merit,

**Bill of Exceptions.** as it was filed on August 22, 1916, and the cause was docketed for hearing at the October term, 1916. [State ex inf. v. Sweaney, 270 Mo. l. c. 688.] The conclusion reached by the Kansas City Court of Appeals, in respect to this matter, is correct.

II. In order to pass upon the instructions, it will be necessary to ascertain and determine what relation plaintiff sustained towards defendant at the time and place of accident.

Appellant testified in chief, that: "Jack McGrew, the owner of the building occupied by defendant, employed me prior to the day complained of to fill up the three windows in the second story of the building with brick. . . . I employed Walter Otto to go and remove the window frames, and when he got the frames removed he notified me he was ready for my part of the work. I came in the building through the office and went down on the east side of the partition until I got back there to go upstairs, to see what was the best way to take up the mortar and do the work. When I got to the elevator I fell in the hole. . . . When I entered the office to pass through the building to go upstairs there was a young lady bookkeeper in the office, and I think I saw Charlie Shryack there." On cross-examination, plaintiff testified as follows:

"When I entered the office to go in the back part of the building I never spoke to anyone in charge of the place. I never asked permission of Mr. Shryack or any other employee. I didn't tell anybody I was going in there. I walked in there without asking leave or permission, and asked nobody's consent. I didn't tell them anything when I came in. . . . I never talked to Mr. Shryack before the injury about going into the building, nor on any other subject. Neither did I talk to any other person connected with the Shryack-Thom Grocery. . . . I was working for Mr. McGrew."

Walter Otto testified as follows: "I removed the windows and frames from the west side of the building on the second floor occupied by the Shryack-Thom Grocery. I went to the office and spoke to Charlie Shryack, and I told him I wanted to get up there and take out the frames. We went out the back door of the office and through that part of the building used as a storage place for goods. We went past the elevator and I believe went on the west side of it, and then went up the stairway to the second floor. There was a lot of goods and boxes piled along the west side of the building, and we removed them. Some men there helped me at my request. We had to remove them to get to the windows. That was before Mr. Forsythe got hurt."

The foregoing constituted plaintiff's evidence, in regard to what occurred before he was injured.

M. C. Shryack testified that he was secretary-treasurer and general manager of defendant company. He detailed a conversation with plaintiff, as follows: "I asked him if he was going to stop them [the windows] up from the inside or from the outside, and I think he said probably from the inside or which ever is most convenient. We talked some little bit about it, and I finally told him he could not stop them up from the inside of the building, as we were using the elevator all the time and in doing the work they would bring in a lot of dirt and we couldn't have it. I told him he couldn't go in and he says, 'I will,' and I said, 'How,' and he said, 'I will go to Mr. McGrew about it.' . . . I never had any other conversation with Mr. Forsythe about going in there. . . . We did not invite the public into the wareroom."

J. B. Gordon testified that he heard the conversation between plaintiff and Mr. Shryack; that the latter told plaintiff he could not brick the windows from the inside.

Charles Shryack testified that he was a clerk in the store when plaintiff was hurt. Witness said he heard the conversation between plaintiff and his father. The latter said to plaintiff, "You can't do it from the inside of the building."

Jackson McGrew testified: "I did not hire Mr. Forsythe to do any work for me."

Alfred Houston, a witness for plaintiff in rebuttal, testified that about a week or ten days after plaintiff's injury he filled up said windows with brick and did most of the work from the outside; a little inside work. He further testified: "I could have done all that work from the outside, but not as conveniently." He did not ask permission and never said a word to anybody about going there.

The petition, in alleging plaintiff's right to be upon defendant's premises when injured, reads as follows:

"Plaintiff further states that on the — day of October, 1908, while he was, with the knowledge and consent of defendant, working in and about said building, without fault upon his part he fell through the hatchway and opening from the first floor of said building into the basement situated thereunder and was then and there severely and permanently injured and crippled."

Keeping in mind the foregoing facts and allegation of petition, was plaintiff, when injured, on defendant's premises, an invitee, licensee or trespasser?

III.  From defendant's viewpoint, plaintiff was a trespasser, as he was refused permission to do the work on the inside of the building, and had no right to be there. **Trespasser.** [Feeback v. Ry. Co., 167 Mo. 206; O'Donnell v. Railroad, 197 Mo. l. c. 122-3; Kelly v. Benas, 217 Mo. l. c. 13-14; Hall v. Railroad, 219 Mo. 553; Youmans v. Railroad, 143 Mo. App. 393; Ward v. Kellogg, 164 Mo. App. 81; Williams v. Ry. Co., 215 S. W. 605.] If plaintiff was a trespasser when injured, he was not entitled to recover on the facts aforesaid.

IV.  Considering the case from plaintiff's viewpoint, leaving out of consideration the adverse evidence of defendant, was he an invitee, or licensee, at the time and place of accident? **Invitee.** The petition does not allege, that appellant

came upon respondent's premises to transact any business with the latter. Nor does it aver that he was there as an invitee. It simply alleges that he was working about said building with the knowledge and consent of defendant. Under the authorities hereafter cited, the petition fails to state a good cause of action under the law relating to invitees.

Aside from the foregoing, the evidence in behalf of plaintiff, without considering that of defendant, simply shows that Otto, who was to fill the windows on the outside of the building in the second story with brick, went down stairs and got Charles Shryack, a clerk in the store at that time, to go with him to the second floor and help remove some of defendant's goods, so that Otto could get to the windows. It does not appear that Charles Shryack was authorized by defendant to grant plaintiff permission to do this work on the inside, nor that he made any statement which could be construed as an invitation for plaintiff or Otto to do this work from the inside. Plaintiff testified that after Otto removed the window frames, he notified respondent that he was ready for the work of the latter.

Keeping in mind the testimony of plaintiff heretofore set out, and giving his evidence a liberal construction, it simply shows at best, that he was upon the first floor of defendant's private premises, when injured, pure-

**Licensee.** ly as a licensee, if not a trespasser, and was there under a state of facts which precludes a recovery upon his part, as a matter of law. In other words, he had no business with defendant, or any member of the firm. [Weneke v. M. K. & T. Ry. Co., 169 Mo. 592; Carr v. Ry. Co., 195 Mo. 214; Menteer v. Fruit Co., 240 Mo. 177; Bender v. Weber, 250 Mo. l. c. 566-7; Shaw v. Goldman, 116 Mo. App. 332; Behre v. Hemp & Co., 191 S. W. l. c. 1042-3; Shuck v. Security Realty Co., 201 S. W. l. c. 560.]

In view of the conclusions heretofore reached, it is immaterial whether the instructions given or refused were right or wrong. The verdict of the jury was for the

right party. The ruling of the Kansas City Court of Appeals is sustained as to the filing of the bill of exceptions, but we are unable to agree with said court in its holding that the cause should be reversed and remanded for a new trial.

Having reached the conclusion that plaintiff is not entitled to recover on the undisputed facts, we affirm the judgment below. *White* and *Railey, CC.,* concur.

PER CURIAM:—The foregoing opinion of MOZLEY, C., is hereby adopted as the opinion of the court. All of the judges concur.