(17 Misc. Rep. 609.)

## MASI v. CONGREGA SAN DONATO DI MUTUO SUCCORSO.

(Supreme Court, Appellate Term, First Department. July 27, 1896.)

1. MUTUAL BENEFIT INSURANCE—FORFEITURE—NONPAYMENT OF DUES.
   Under a provision of the constitution of a mutual benefit association that any member failing to pay "his monthly dues and other dues" for a certain time shall forfeit his membership, a forfeiture does not result unless the default is as to both monthly dues and other dues.

2. SAME—NOTICE OF DEFAULT—CONDITION PRECEDENT.
   Where the constitution of a mutual benefit society provides for forfeiture of membership in case a member does not pay his dues within a certain time after notice that he is in default, such notice is a condition precedent to the forfeiture.

Appeal from Second district court.

Action by Pietro Masi, administrator of Felice Masi, deceased, against the Congrega San Donato di Mutuo Succorso, to recover for certain payments for funeral expenses and sickness alleged to be due by reason of the membership of deceased in defendant society. Judgment was rendered in favor of plaintiff for $140 and costs, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Benjamin E. Hall, for appellant.

John Palmieri, for respondent.

DALY, P. J. It was stipulated on the trial that if the plaintiff made out a case that the deceased was a member in good standing, and subject to none of the liabilities imposed by the constitution, plaintiff was entitled to recover $140, which included $107 for death and funeral expenses, and $33 for sick benefits from November 1 to December 3, 1895, the date of death. Payment is resisted under the thirty-eighth section of the constitution, which reads:

"Any member failing to pay his monthly dues and other dues for three months shall be considered in default, and, in case of illness, will not be entitled to the sick benefits. In case a member is indebted over three months, the financial secretary shall so inform the corresponding secretary, who shall notify the defaulting member by letter of his default; and, if such a member shall continue to be in default within the two months thereafter, he shall forfeit his rights, including that of attendance from the doctor; and, in case of sickness, he shall be considered as having resigned, and his name canceled from the membership roll."

As the appellant puts it, the questions to be answered under this section are: (1) Did the corresponding secretary notify the deceased that he was in default? (2) If so, had he at the time of such notice been in default for three months for any dues or assessments? (3)

Did he continue in default for a further period of two months after such notice? This is correct except as to the second question. Under the section quoted, it should be, was the deceased at the time of such notice in default for three months for dues and assessments? for the notice was not to be sent to a member unless indebted upon both accounts. The default of which he is to be notified after three months, as required by the second sentence of the section, is undoubtedly that mentioned in the preceding sentence, which is the failure to pay monthly dues and other dues for three months. Benefits were forfeitable, therefore, if a member, failing to pay his monthly dues and other dues for three months, should, after notice from the corresponding secretary, continue in default for two months thereafter. Notice from the corresponding secretary is thus made a condition precedent to forfeiture, and this notice could not be given until a member was in default for three months for the indebtedness specified. Defendant gave evidence of a notice sent to deceased on July 18 and August 1, 1895; but these notices contained nothing as to default in payment of monthly dues, for the simple reason that the deceased had paid his dues to August 1st, and nothing was due on that account at the time of the notices. It was not until October, 1895, that the notice required by section 38 of the constitution could have been given to the deceased, providing that he failed to pay his monthly dues for August, September, and October. But no such notice was given, and the forfeiture of his rights was not effected. In September a tender was made by the plaintiff sufficient to pay his monthly dues for two months, and something on account of his other indebtedness, which was refused, and he was dropped from membership in October following, under the impression, on the part of the officers of the society, that the notices of July and August justified their action. This was an error, and the justice correctly held upon the evidence that the plaintiff was entitled to recover the whole sum of $140, under the stipulation. ·

Judgment should be affirmed, with costs. · Under this view of the plaintiff's rights, the exceptions as to rulings upon testimony are immaterial, and no ground for reversal is shown. All concur.