# GRACE HYATT, Respondent, v. THE LEGAL PRO-TECTIVE ASSOCIATION, Appellant.

### Kansas City Court of Appeals, May 30, 1904.

1. **TRIAL PRACTICE: Demurrer: Answer: Waiver.** After the overruling of a demurrer the filing of an answer waives the demurrer.

2. **PLEADING: Sufficiency: Petition: Amount of Damages.** Though the amount of damages is left blank in the petition, yet if it can be gathered from the pleading it is sufficient to support a judgment for the amount.

3. **EVIDENCE: Certificate: Insurance: Variance in Date: Application.** A certificate in a benefit society was dated on the 21st; the petition alleged its issuance on the 8th; the application which was made a part of the certificate however, was dated on the 8th. *Held,* the difference was not so material as to warrant the refusal to admit the certificate in evidence.

4. **BENEFIT SOCIETIES: Forfeiture of Membership: Payment of Dues: Construction.** A certificate in a benefit society provided that "any member failing to pay his per capita tax when due and his assessment within thirty days . . . forfeits," etc. *Held,* the failure to pay the tax and the assessment within the time limited must concur before a forfeiture can be declared.

5. **———: Payment of Dues: Intention.** An announced intention of a member to drop his insurance does not in itself change his legal status as a member of the lodge and it is this legal status at his death that fixes the liability of the society.

6. **———: Beneficiary Application.** That the name of the beneficiary appears in the application which is made a part of the policy is sufficient.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,* Judge.

AFFIRMED.

*A. A. Bailey* for appellant.

(1) Plaintiff's petition is fatally defective, in this, that nothing whatever is sued for, asked, or claimed, and appellant's demurrer thereto and objection to the introduction of any evidence in support thereof should have been sustained. R. S. 1899, sec. 776; Rush v. Brown, 101 Mo. 586; R. S. 1899, sec. 679; Ross v. Ross, 81 Mo. 84; Dougherty v. Adkins, 81 Mo. 411. (2) In this case respondent declares on a policy of insurance dated the eighth day of April, 1902, and introduced in evidence and recorded on another and different policy dated the twenty-first day of April, 1902, over the objection of appellant that the same was not the policy sued on. The *probata* must correspond with the *allegata*. Rutledge v. Railway, 110 Mo. 312; Greene v. Gallagher, 35 Mo. 226. (3) Respondent alleges that she is the beneficiary in the policy sued on; this is denied in the answer. The burden was on respondent to show that she was such beneficiary. There was no evidence offered which tended to prove that she was such beneficiary either in the policy sued on or the one introduced in evidence. (4) The uncontradicted evidence in this case shows that Arthur W. Hyatt was suspended for non-payment of his per capita tax and dues which were payable, according to the terms of the policy introduced in evidence, on December 1, 1902. That notice was given of the call for such payments by appellant as required by said policy. That Mr. Hyatt refused to pay and refused to be reinstated, and announced to appellant's collector that he was going to drop his insurance. And appellant says that Mr. Hyatt had voluntarily forfeited his insurance in defendant association. A member who intentionally stops his payments with the view of severing his connection with the lodge is not a beneficiary member. State ex rel. v. A. O. U. W., 78 Mo. App. 546.

*West & Bresnehen* for respondent.

(1)   The petition is sufficient. R. S. 1899, sec. 592. (2)   The petition states that the policy is dated April 8, 1902.   The certificate proper is in fact dated April 21, 1902, while the application which is a part thereof, is dated April 8, 1902.   The petition alleged the execution of the policy.   The execution of the policy not having been denied under oath, the execution of the instrument, as a whole, stands admitted.   R. S. 1899, sec. 746.   (3)   The application, which was a part of the policy, shows Mrs. Grace Hyatt, wife of the member, to be the beneficiary.   The evidence shows that the plaintiff, Mrs. Grace Hyatt, is the widow of the member, Arthur W. Hyatt, and that he died on December 14, 1902.   (4)   It will be noted that No. 5, of the conditions on the back of the policy, provides that a failure to pay the per capita tax when due and the failure to pay assessments within thirty days after notice thereof, shall work a forfeiture.   To work a forfeiture, there must be not only a failure to pay the per capita tax when due, but a failure to pay assessments within thirty days after notice of the assessment.   There is no evidence that any notice of this assessment was ever given.   For this reason there could have been no forfeiture.   Harris v. Wilson, 86 Mo. App. 406; Lewis v. Benefit Association, 77 Mo. App. 586; Boward v. Bankers Union, .94 Mo. App. 442.

BROADDUS, J.—This a suit on an insurance certificate issued by defendant to Arthur W. Hyatt, plaintiff's husband.   The defense was a forfeiture for failure of the insured to pay his per capita tax when due and his assessments within thirty days after notice thereof.   An installment of per capita tax and assessment became due December 1, 1902. These were unpaid

on December 14 when the insured died as the result of an injury received the day previous.

The defendant demurred to the petition which was overruled; exception was taken to the ruling of the court and answer filed. The filing of the answer waived the demurrer. When plaintiff offered her evidence defendant again made the objection that the petition did not state a cause of action, an objection which is good at all stages in a cause and even after judgment, but as applied to the petition in this case is merely formal. After stating her cause of action the plaintiff failed to state what amount became due her under her policy and failed to pray judgment for any sum. There were blanks left in the petition for the purpose but they were not filled, notwithstanding the objections made both by demurrer and to the admission of evidence. Why this was not done after notice had been called specifically to the defects is not explained. However, it can be gathered from the pleading that the amount sued for was $100, which fact is sufficient to support the judgment for that amount.

Objection was also made to the admission of the certificate of insurance on the ground that it was not the one described in the petition as the basis of the suit. The difference being that the one offered was dated April 21 and the one described in the petition was dated April 8, 1902. This discrepancy was accounted for by reason of the fact that the application of the deceased for membership in defendant's order was dated April 8. But as the application was made a part of the policy we do not think the difference was so material as to warrant the court in refusing to admit the paper offered.

The only question arising on the merits of the controversy was the alleged forfeiture. The policy provides that assessment shall become due and payable on the first days of September, December, March and June

of each year. One of the conditions of the policy is as follows: ''Any member failing to pay his per capita tax when due and his assessments within thirty days of notice thereof forfeits all claim on the association,'' etc. Plaintiff contends that to work a forfeiture there must be not only a failure to pay the per capita tax when due, but also a failure to pay assessments within thirty days after notice of the assessment. That is, a failure to pay a per capita tax when due will not work a forfeiture unless there is also a failure to pay the assessment within thirty days after notice. That the two must concur. It is a part of said condition that, ''the mailing of notice of assessments and the per capita tax addressed to the last given post office address of the member shall be considered a legal notification.'' Thus, we see that plaintiff's construction is borne out and that a notice of both must be given and no forfeiture can be had until thirty days after such notice. It follows, therefore, that there was no forfeiture under the terms of the policy.

It was proved at the trial that after failure to pay his assessment and per capita tax the insured announced to the collector of the lodge that he was not going to be reinstated and that he would drop his insurance in defendant company. It is claimed that he intentionally stopped payments with a view of severing his relations with the order. However that may have been, he had a legal status as a member of the lodge which had not expired before his death and which is the test that fixed the liability of defendant.

It is further claimed that as the policy does not name plaintiff she was not the beneficiary; but the application does so name her as such, which is sufficient as it was made a part of said policy.

Affirmed. All concur.