## LEECH, Respondent, v. THE ORDER OF RAILROAD TELEGRAPHERS, Defendant; QUICK, Appellant.

**St. Louis Court of Appeals, January 21, 1908.**

1. **FRATERNAL BENEFIT SOCIETIES: Forfeitures: Self-exeting By-laws.** Where a voluntary mutual benefit association, paying death benefits to the beneficiaries of members, provided in its by-laws that a member, whose dues and assessments were not fully paid within sixty days from the time they were due, should forfeit his membership without further notice, such a provision was self-executing although the by-laws required the secretary and treasurer of the association to report suspensions, etc., to the division secretary; the failure to pay his dues and assessments for sixty days *ipso facto* worked a forfeiture of the membership of the member so failing to pay.

2. ————: ————: ————. But forfeitures must be strictly construed and where a member of an association with such provisions in the by-laws paid his assessments in full but failed to pay his dues for a period of more than sixty days, he did not forfeit his membership, so that on his death his beneficiary could recover on the benefit certificate.

3. ————: ————: ————: **Waiver.** Where the by-laws of a voluntary benefit association provided that a member would forfeit his membership if he should fail to pay his dues and assessments for sixty days after they became due, and where he failed to pay his dues for a period of more than sixty days but paid his assessments up to the time of his death, the association by retaining the amount paid on the assessments and failing to refund to the member the balance, after appropriating enough to cover the sixty days, waived its right to declare a forfeiture for the non-payment of dues.

4. ————: ————: ————: ————: **Agency.** The secretary and treasurer of a mutual benefit association for the general management of its business, being its chief officer, had the apparent authority to waive a strict compliance with the laws of the order in respect to the payment of dues and assessments.

### Opinion on Rehearing.

5. ————: ————: ————. Where the by-laws of a mutual benefit association provided that members whose dues *and* assessments were not fully paid within sixty days from the time

they were due should forfeit the membership without further notice, the uniting of the dues and assessments by the copulative conjunction implied that a forfeiture would not be worked unless the sixty days' delinquency was in *both* dues and assessments, and where the by-laws further provided that a member should be dropped without further notice if he was delinquent in his dues for six months, it was evident that the delinquency in respect to dues alone would have to be six months.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Eugene McQuillin* for appellant.

(1)   The deceased husband of plaintiff forfeited his membership in the Order of Railroad Telegraphers for failure to pay dues to said order within the time prescribed by law, and thereby forfeited his membership in the mutual benefit department, and thus render his certificate null and void.   (2)   The power of associations of this character to provide forfeiture *ipso facto* is uniformly sustained.   Lavin v. Grand Lodge, 104 Mo. App. 1; Boyce v. Royal Circle, 99 Mo. App. 349, 73 S. W. 300; Zepp v. Grand Lodge, A. O. U. W., 69 Mo. App. 493; Curtin v. Grand Lodge, A. O. U. W., 65 Mo. App. 300; Scheele v. State Home Lodge, 63 Mo. App. 277; Harvey v. Grand Lodge, A. O. U. W., 50 Mo. App. 472; Smith v. Knights of Father Matthew, 36 Mo. App. 184; Borgraefe v. Knights of Honor, 22 Mo. App. 127; Yoe v. Masonic Ben. Assn., 63 Md. 86, 6 Am. & Eng. Corp. Cas. 641, 14 Ins. L. J. 404; Lanz v. Insurance Co., 139 Pa. St. 546; Grand Lodge v. Besterfield, 36 Ill. App. 522; Pendleton v. Ins. Co., 5 Fed. 283; Bacon on Benefit Soc. (3 Ed.), sec. 389, p. 978; Niblack on Benefit Societies, sec. 289, p. 536.   (3)   The payment by deceased to the mutual benefit department of assessments for six months from January to June, inclusive, amounting to $3.60, of which sum $1.20 paid the assessments for the months of January and February, 1906

(the time during which deceased continued to be a member—forfeiture occurring on or about March 1, 1906), and the retention of the balance, namely, $2.40, by said mutual benefit department until the institution of this suit, do not under the law applicable to this case constitute a waiver and thus estop said mutual benefit department from invoking the defense of forfeiture of membership for the nonpayment of dues to the Order of Railroad Telegraphers. (4) Article V of the laws of the mutual benefit department, being self-executing, neither the secretary nor any officer of the local division of the Order of Railroad Telegraphers to which deceased belonged possessed any authority to waive any of its provisions. Chadwick v. The Order of the Triple Alliance, 56 Mo. App. 463; State ex rel. v. Temperance Benevolent Assn., 42 Mo. App. 485; Borgraefe v. Supreme Lodge, 22 Mo. App. 127; Royal Highlanders v. Scovill, 66 Neb. 213, 4 L. R. A. (N. S.) 421, 92 N. W. 203; Sovereign Camp v. Rothschild, 15 Tex. Civ. App. 463, 40 S. W. 553; Rice v. Grand Lodge, 103 Iowa 643, 72 N. W. 770; Brown v. Grand Council, etc., 81 Iowa 400, 46 N. W. 1086; Grand Lodge v. Jesse, 50 Ill. App. 101; Field v. National Council, 64 Neb. 226, 89 N. W. 773; Modern Woodmen v. Tevis, 54 C. C. A. 293, 117 Fed. 369; Fraternal Union v. Hurlock, 33 Tex. Civ. App. 48, 75 S. W. 539. (5) A waiver of a right presupposes a knowledge of the right waived, and is not to be inferred from a merely negligent act or from one done under a misapprehension of the real condition of the rights of the parties at the time. Diehl v. Insurance Co., 58 Pa. St. 443; Lyon v. Supreme Assn., 153 Mass. 83, 26 N. E. 256; Wells v. Society, 17 Ont. 317.

*Everett W. Pattison* for respondent.

(1) By the retention of the assessments paid in advance by the deceased husband of respondent, the certificate was kept alive and in full force until his death. Reed v. Bankers' Union, 121 Mo. App. 419; An-

drus v. Insurance Assn., 168 Mo. 165; Thompson v. Insurance Co., 169 Mo. 25; Pelkington v. Insurance Co., 55 Mo. 177; Riley v. Insurance Co., 117 Mo. App. 235; Polk v. Western Assn. Co., 14 Mo. App. 519; Insurance Co. v. Wolff, 95 U. S. 326, 24 L. Ed. 387; Schimp v. Insurance Co., 124 Ill. 356; Insurance Co. v. Cary, 83 Ill. 453. (2) Under the provisions of the certificate, it is to be construed in connection with the Constitution, statutes and laws. And, so construed, it cannot be held that Leech's membership was forfeited, nor that the certificate had become void. Puhr v. Grand Lodge, 77 Mo. App. 47; Hoefner v. Same, 41 Mo. App. 359; Harris v. Wilson, 86 Mo. App. 406; Mutual Prot. League v. McKee, 122 Ill. App. 376, 379; Logedon v. Fraternal Union, 76 Pac. 292; Brooks v. Insurance Co., 106 N. W. 913; Erdmann v. Order of Herman, 44 Wis. 376; Scheu v. Independent Foresters, 17 Fed. 214; Mut. Aid Asso. v. Colmar, 43 Pac. 159. (3) The contract must be construed most favorably to the assured. It is so held by the Supreme Court in McGannon v. Insurance Co., 171 Mo. 143; Shoe Co. v. U. S. Cas. Co., 172 Mo. 135, 149; Columbia Paper Co. v. Fidelity & Cas. Co., 104 Mo. App. 167; Casner v. New Amsterdam Cas. Co., 116 Mo. App. 361; Fogleson v. Modern Brotherhood, 121 Mo. App. 553; Renn v. Supreme Lodge, 83 Mo. App. 449; Mut. Prot. League v. McKee, 122 Ill. App. 379; Woodmen of the World v. Gilliland, 67 Pac. 485. A forfeiture provision is to be construed *strictissimi juris*. Lewis v. Benefit Assn., 77 Mo. App. 586. Forfeitures are not favored. Polk v. Western Assn. Co., 114 Mo. App. 519; Elliot v. Grand Lodge, 2 Kan. App. 430. The certificate cannot be forfeited unless the member was delinquent in the payment of both dues and assessments. Hyatt v. Legal Protective Assn., 106 Mo. App. 610; Maisi v. Congrega, etc., Succorso, 40 N. Y. App. 667. (4) The secretary and treasurer of the mutual benefit department being the same person as the grand secretary and treasurer

of the order, it will be presumed, in the absence of evidence to the contrary, that he had authority to waive a forfeiture. McMahon v. Maccabees, 151 Mo. 537; Edmond v. Modern Woodmen, 102 S. W. 603; Reed v. Bankers' Union, 121 Mo. App. 419; Gray v. National Ben. Assn., 111 Ind. 531.

STATEMENT.—The Order of Railroad Telegraphers is an unincorporated voluntary association and has an insurance department known as the Mutual Benefit Department. The Order and the Benefit Department have the same constitution and by-laws and no one but a member of the Telegraphers Association is eligible to membership in the Mutual Benefit Department, to become a member of which, a member of the Order must make application and be received and accepted, and if he ceases to be a member of said order he thereby ceases to be a member of the Mutual Benefit Department. On becoming a member of the Mutual Benefit Department, a certificate of insurance is issued. The members of this department are divided into three series, A, B and C. Members holding certificates in series C are required to pay an assessment of sixty cents on the first day of each month. On January 20, 1903, James G. Leech, a member of the Order of Railroad Telegraphers, on his application, was received into the Mutual Benefit Department of the Order and a certificate of insurance (No. 7094, series C) for the sum of $1,000 was issued to him, payable at his death to Maria Leech, his wife. James Leech died June 2, 1906. Notice of his death and proofs thereof were duly furnished the defendant, but it failed and refused to pay the insurance, and the suit was brought upon the certificate to recover the amount of the policy. The action was begun against the Order, alleging that it was a corporation. After the answer was filed, the following stipulation was entered into between the parties:

"For the purpose of simplifying the issues in this case and getting the case in shape to be tried at the present setting it is agreed by and between the parties hereto that the suit shall proceed against Leon W. Quick as secretary and treasurer of the Mutual Benefit Department of the Order of Railroad Telegraphers and as trustee of the funds of the Mutual Benefit Department of the said The Order of Railroad Telegraphers, but that plaintiff need not file an amended petition; that the case shall be heard upon its merits with the same effect as if an amended petition were filed setting up the cause of action, on the benefit certificate referred to in plaintiff's petition, against said Leon W. Quick as Grand Secretary and Treasurer and trustee of the funds of the said Mutual Benefit Department, the said Leon W. Quick, Grand Secretary and Treasurer, as aforesaid, to be substituted as defendant. And the said Leon W. Quick hereby enters his appearance and waives the filing of any amended petition, and agrees that said action shall be tried on the merits, upon the issues raised by the pleading, it being the intention of the parties hereto to have a determination of said cause on the merits without regard to the technical requirements of pleading. But plaintiff shall file forthwith her reply to the answer of the defendant now on file in said cause. And said cause shall then be deemed at issue as a suit in equity brought to charge said Leon W. Quick as trustee of the funds aforesaid, and to charge the said Mutual Benefit Department of said The Order of Railroad Telegraphers as a voluntary unincorporated association.

"And it is agreed that, in case a judgment is rendered in this cause in favor of the plaintiff, said Leon W. Quick shall pay the same out of the funds of the said Mutual Benefit Department of said Order of Railroad Telegraphers."

The answer interposed the following defense:

"That the benefit certificate became null and void because of the forfeiture of the membership of said Leech, deceased, in The Order of Railroad Telegraphers on or about March 1, 1906, by reason of non-payment of dues to said Order, as required by the terms of said certificate and the constitution, laws, rules, regulations and requirements of said Order, and of the Mutual Benefit Department."

The answer also tendered to plaintiff, in the name of and in behalf of the Mutual Benefit Department, the sum of $2.40, being the sum due Leech on the date of forfeiture, on account of payments of excess assessments to said Mutual Benefit Department, and placed the money in the hands of the clerk of the court.

Plaintiff replied to this answer, alleging that the failure on the part of said Leech, deceased, if any, to comply with the laws, etc., of the Order of Railroad Telegraphers and those of the Mutual Benefit Department as to payment of dues to said Order, had been fully waived by both associations, as evidenced by the retention by the Mutual Benefit Department of the $2.40, overpaid assessments by deceased, failure to drop said Leech from the roll of membership, or take any action whatever with reference thereto. That under the laws, etc., of the Order there could be no forfeiture of membership unless both dues and assessments of said Leech, deceased, were not fully paid, within the time prescribed, and that it was not true that both the dues and assessments of said Leech, deceased, were delinquent; that to compass forfeiture of membership otherwise, it would be necessary to duly try the member on charges and notice, and that no such trial, etc., of Leech, the deceased, was ever had, but his name was continued on the roll of membership, and, therefore, he continued to be a member until the date of his death.

The constitution and by-laws of the Order were of-

fered in evidence and the parties agreed upon the following facts, subject to objection, to-wit:

"That The Order of Railroad Telegraphers is a voluntary organization instituted to advance the mutual good of its members and to promote and encourage a Mutual Benefit Department for the aid and comfort of the beneficiaries of deceased members; that said department is known as the Mutual Benefit Department of The Order of Railroad Telegraphers and is under the control and government of the Grand Division of the Order of Railroad Telegraphers; that said Mutual Benefit Department is not a department or part of the Order of Railroad Telegraphers, but is a separate and distinct voluntary organization, one qualification to membership therein being membership in The Order of Railroad Telegraphers; that Leon W. Quick, as secretary and treasurer of the Mutual Benefit Department is the trustee of the funds of said Mutual Benefit Department.

"That certificate No. 7094, series C., was issued by said Mutual Benefit Department and not by The Order of Railroad Telegraphers to James G. Leech, deceased, and that plaintiff was the beneficiary named therein, who at that date was the wife of said Leech and is now his widow.

"That the certificate marked Exhibit A to plaintiff's petition is the certificate so issued.

"That the pamphlet marked Exhibit A to defendant's answer contains the constitution, statutes, laws and regulation of The Order of Railroad Telegraphers and the Mutual Benefit Department, and said pamphlet is considered in evidence and made a part of this statement of facts.

"That the recitals in said certificate and said pamphlet contain the contract between said Leech and said Mutual Benefit Department.

"That there was due and payable to The Order of Railroad Telegraphers as dues on the part of said Leech

the sum of $4.50 on January 1, 1906; that said sum was not paid at that time by said Leech or by any one for him, or at any time thereafter, and remained unpaid on June 2, 1906, when said Leech died.

"That said Leech paid on or about February 12, 1906, assessments for six months from January to June, inclusive, being $3.60, of which sum $1.20 paid the assessments for January and February, 1906, and the balance of said sum was retained by said Mutual Benefit Department until tendered to plaintiff in the answer of defendant filed herein.

"That there are sufficient funds in the hands of Leon W. Quick, as trustee, to pay said certificate in full.

"That no charges were ever preferred by The Order of Railroad Telegraphers or by the Mutual Benefit Department of said Order against James G. Leech during his lifetime, and that no trial of the said James G. Leech was had, and that no notice was ever given to the grand secretary and treasurer that the said James Leech was expelled from the Order. Also that the name of James G. Leech was never dropped from the roll of the Division of which he was a member. Also that the secretary and treasurer of the Mutual Benefit Department never reported to the division secretary that James G. Leech was suspended from membership in his division."

Defendant moved to strike out the last paragraph of the agreed statement of facts, for the reason it was not relevant to any issue of fact raised by the pleadings, which motion was overruled.

At the close of the evidence, the court gave the following declaration of law for plaintiff:

"The court declares the law to be that under the pleadings and the agreed facts plaintiff is entitled to recover."

The court refused all declarations of law asked by

defendant, and rendered judgment for plaintiff, from which defendant appealed.

BLAND, P. J. (after stating the facts).—It is stated in the agreed stipulation of facts, that there was due from Leech, the deceased member, on January 1, 1906, $4.50, to the Order of Railroad Telegraphers and that said sum was not paid at that time, or at any time thereafter, by said Leech or by any one for him.

Section 2, article 15, of the constitution of the Order, provides that the dues of each member shall not be less than eight dollars per annum, payable semiannually. Section 2, article 21, provides that each member shall be assessed fifty cents semiannually, payable in advance, and that any member "failing or declining to pay his assessment shall stand suspended and shall be reported in all things the same as for the non-payment of dues." Section 26, article 22, of the General Statutes, provides:

"A member refusing or neglecting to pay his dues six months in advance in full is not in good standing sixty days after the first day of the semi-annual period for which the amount is due.

"A member not in good standing is not entitled to vote in his division or on questions before the division, and the local board of adjustment shall not exercise itself in his behalf in case of grievance.

"When a member becomes delinquent in his dues for a period of six months, his name shall be dropped from the roll of the division without further notice."

Section 20 of the same article reads as follows:

"The secretary shall immediately notify the grand secretary and treasurer of all suspensions and expulsions, giving dates and causes."

Article 5, Laws of the Mutual Benefit Department, reads as follows:

"Every person applying for membership in the Order of Railroad Telegraphers shall present with his

petition for membership an application for membership in the Mutual Benefit Department, properly filled out, together with the fee therefor. At the time of his initiation, the application for membership in the Mutual Benefit Department shall be forwarded by him to the secretary and treasurer. If such application for insurance is rejected, such rejection shall in no way affect his membership in the Order. Forfeiture of membership in the Mutual Benefit Department shall cause the member so forfeiting to stand suspended from the order without further notice until reinstated in the Mutual Benefit Department.

"Members of the order whose dues and assessments are not fully paid within sixty days from the beginning of the semiannual dues periods shall forfeit their membership in the Mutual Benefit Department without further notice.

"Suspensions and reinstatements under this section will be made by the secretary and treasurer, and will be reported by him to the division secretary. No member reported by the secretary and treasurer as suspended under this law shall be permitted to participate in any of the privileges of membership until he has been reported as reinstated by the secretary and treasurer."

To quote from defendant's brief, "The question presented in this case for decision is: Did Leech, deceased, cease to be a member of The Order of Railroad Telegraphers and of the Mutual Benefit Department of said order, and thus render his contract with the Mutual Benefit Department (upon which this action is based) null and void on or about March 1, 1906 (or at any time prior to his death, which occurred June 2, 1906), because of nonpayment of the dues, amounting to $4.50, to The Order of Railroad Telegraphers, which, by virtue of the law of the order, were due and payable on January 1, 1906?

Defendant's position is that failure in this respect

(which failure is admitted by plaintiff), *ipso facto,* forfeited Leech's membership in The Order of Railroad Telegraphers, and in the Mutual Benefit Department of said order, within sixty days after said dues were payable, namely, on or about March 1, 1906, by virtue of article 5, of the laws of the Mutual Benefit Department, and that the retention by the Mutual Benefit Department of the $2.40, the excess of assessments does not constitute a waiver of such forfeiture, nor estop the Mutual Benefit Department from setting up the defense of forfeiture in this action."

The constitution and laws of the order, by the terms of the certificate of insurance, are made a part thereof, and therefore form a part of the contract of insurance. When this is so, it is well settled law, that orders of the character of the Order of Railroad Telegraphers may provide for forfeiture *ipso facto* for the non-payment of dues and assessments of the member. [Lavin v. Grand Lodge A. O. U. W., 104 Mo. App. l. c. 17, 78 S. W. 325, and cases cited.] Article five (quoted above) declares for forfeiture in the Mutual Benefit Department, if the member does not pay his dues and assessments in sixty days from the time they become due; it further provides that suspension and reinstatements will be made by the secretary and treasurer and will be reported by him to the division secretary. It is admitted that the secretary and treasurer never found that Leech was suspended, or reported him as suspended to the division secretary for non-payment of dues and assessments, or for any other cause. The latter clause of this article, treating of suspensions and reinstatements of members, should be construed in connection with section 26, article 22, of the laws of the order, which provides that a member refusing, or neglecting, to pay his dues six months in advance is not in good standing sixty days after the first day of the semiannual period and is not entitled to vote in his division. Read together, the

last clause of article 5, and section 26, article 2, mean that if a member forfeits his membership in the Mutual Benefit Department for non-payment of dues and assessments, and the forfeiture is reported by the secretary and treasurer to the division secretary, the member is not in good standing and is not entitled to vote in his division until his standing in the order is restored, and do not mean, as contended by plaintiff's counsel, that the member's certificate of insurance cannot be forfeited for non-payment of dues and assessments until the forfeiture is made or declared by the secretary and treasurer of the Mutual Benefit Department and reported by him to the secretary of the division of the order to which the member belongs; and we think article 5 is self-executing. Forfeitures are not favorites of the law and contracts providing for them should be strictly construed, and certificates of insurance in fraternal beneficiary associations are not exempt from the general rule. [McGannon v. Insurance Co., 171 Mo. 143, 71 S. W. 160; Columbia P. S. Co. v. Fidelity & C. Co., 104 Mo. App. 1. c. 167, 78 S. W. 320; Foglesong v. Modern Brotherhood of America, 121 Mo. App. 553, 97 S. W. 240; Renn v. Supreme Lodge K. of P., 83 Mo. App. 442.] Reading article 5, supra, the law requiring the payment of monthly assessments, and the law requiring the payment of semiannual dues into the certificate of insurance, on a strict construction, two things must co-exist to work a forfeiture of the certificate, namely, non-payment of one or more monthly assessments and a failure to pay semiannual dues within sixty days from the beginning of the semiannual dues period,—in Leech's case sixty days from January first of each year. [Hyatt v. Legal Protective Assn., 106 Mo. App. 610; Masi v. Congraga San Donato Di Mutou Succorso, 40 N. Y. Supp. 667; Elliot v. Grand Lodge, 2 Kan. App. 430.] It is admitted that Leech was not delinquent in the

payment of his monthly assessments, and for this reason we do not think his certificate was forfeited. We also think the order, through the secretary and treasurer of the Mutual Benefit Department, waived the forfeiture clause of article 5.

From the agreed statement of facts it appears that the sum of $1.20, of the $3.60 paid by Leech on February 12, 1906, was due on his assessments for the months of January and February, 1906, and that the balance was retained by the secretary and treasurer until tendered by the answer. The assessments were payable monthly in advance and $3.60 was credited to Leech as payment of six months assessments in advance. But if his certificate was forfeited on March 1, 1906, as contended by defendant's counsel, the sum of $2.40 of the amount tendered should have been returned to him at that time. If there was no forfeiture, then Leech had overpaid his monthly assessments for six months by ninety cents and this amount was due him at the time of his death, unless it should be credited to him on his dues. As stated above, the non-payment of dues and assessments, under the laws of the order, operated to forfeit a benefit certificate and put the member in bad standing with the order, but to bring about the latter result, the delinquencies had to be reported to the secretary of the delinquent's division. This was not done in Leech's case; on the contrary the secretary and treasurer retained the money paid to him by Leech, which was not due on any assessment. Why did he retain it and why did he not report Leech's delinquency to the secretary of his division? His action in retaining the money not due and his failure to report the non-payment of the semiannual assessment of $4.50 can be reconciled upon no other theory than that he did not intend to take advantage of the delinquency to forfeit Leech's benefit certificate and put him in bad standing with the order; if this is so, then there was an intentional aban-

donment by the secretary and treasurer of the right of forfeiture and of the right to put Leech in bad standing with the order; in other words, the secretary and treasurer waived the enforcement of the provisions of article 5, and of section 26, article 2, of the laws of the order and of its Mutual Benefit Department. [Reed v. Bankers Union, 121 Mo. App. l. c. 426, 99 S. W. 55, and cases cited. See also Riley v. Insurance Co., 117 Mo. App. l. c. 235, 92 S. W. 1147; Polk v. Western Assurance Co., 114 Mo. App. l. e. 519, 90 S. W. 397; Edmond v. Modern Woodmen of America, 102 S. W. 601.] And it was too late, after Leech was dead and suit was brought upon the certificate, for defendant to back track by tendering the money he had retained. [Andrus v. Insurance Assn., 168 Mo. 151, 67 S. W. 582.] The secretary and treasurer of the Mutual Benefit Department did not object to receiving and retaining money not yet due on assessment, and if he desired to forfeit the certificate of insurance and place Leech in bad standing with the order, he should have acted during Leech's lifetime by returning the money not due; and it is presumed, that if he thought or found the certificate was forfeited, he would have returned the $2.40 of the money in his hands on the date the certificate became forfeited, or immediately thereafter. By retaining the money, we think defendant is estopped from making the defense of forfeiture. [Thompson v. Insurance Co., 169 Mo. 12, 68 S. W. 889.] But it is contended by defendant that the secretary and treasurer of the Mutual Benefit Department had no authority to set aside or waive the enforcement of article 5. Article 6 provides:

"The officers of this department shall consist of an insurance committee, a president and a secretary and treasurer. The insurance committee, which shall be the board of directors, shall be elected by the grand division of the order. The president of the order shall be, ex-officio, the president; the grand secretary and treasurer

of the order shall be, ex-officio, the secretary and treasurer."

Article 9 provides:

"The secretary and treasurer shall keep a true record of all the business of the department, a register of the members, with the number and date of each certificate issued; receive and hold in trust all funds of the department, and for each approved claim he shall as soon as possible pay to the proper person or persons such amount as may be realized from an assessment levied for the purpose of paying the claim. Provided, the amount paid shall in no case exceed the amount for which the member was insured. He shall submit a correct report biennially, or oftener, if required by the insurance committee, of business transacted by him, number of members and the condition of the department, and exhibit proper vouchers and receipts for all expenditures. His books shall at all times be subject to the inspection of the insurance committee or any person appointed by them."

Under the latter article, the secretary and treasurer is the working officer of Mutual Benefit Department, its business manager and chief officer, and as neither the certificate nor laws of the order put any limitation on his power to waive strict compliance with the laws of the order, in respect to the payment of dues and assessments, we think a waiver is within the apparent scope of his authority. [Reed v. Bankers Union, supra.] The case does not fall within the doctrine of the cases of Ellerbe v. Faust, 119 Mo. 653, 25 S. W. 390, and Burbank v. Boston Police Relief Assn., 144 Mass. 434, cited by defendant. In the case of Ellerbe v. Faust, Faust had been a member of the masonic order and also a member of a mutual benefit society composed exclusively of members of the order. He lost his membership in the masonic order by reason of engaging in an occupation which forfeited his membership under

the laws of the order, and at the same time and for the same reason lost his membership in the benefit society. However, he continued for a time to pay assessments to the society, believing he owed them, which were received and kept by the officers of the society. It was held that the payment of the assessments by Faust, and their retention by the officer of the society, did not have the effect to restore him to membership in the society. Burbank v. Boston Police Relief Assn., supra, is a parallel case, in which it was ruled that after a police officer ceased to be a member of the association, it was not estopped by the acts of its officers to deny that he was a member.

Leech did not cease to be a member of the order, and the question is not whether he was restored to membership after expulsion or suspension, but whether his certificate of insurance was forfeited while he was a member of the order in good standing.

For the reasons stated, we do not think the certificate sued on was forfeited, and affirm the judgment. All concur. *Goode,* and *Nortoni, JJ.,* on first proposition discussed in opinion.

## OPINION ON MOTION FOR REHEARING.

GOODE, J.—I have re-examined this case with reference to the soundness of our decision on the first proposition in the opinion and am convinced it was sound. I will state my reasons: Much is said in the motion for rehearing about the Mutual Benefit Department and the Order of Railroad Telegraphers being two distinct organizations, but I find that fact is immaterial. There is a certain relationship between them as shown by the constitution and by-laws. Leech died June 2, 1906. His assessments were paid to June 1, and it is not contended there was a delinquency in assessments which would, by itself, work a forfeiture. If there was a delinquency in assessments it was only for one day, i. e., from June 1st to June 2d, which would not con-

stitute a forfeiture. But he was delinquent in his dues from January 1st to June 2d, that is, five months and one day. Now article five of the by-laws (abstract 22) says: "Members of the order whose dues *and* assessments are not fully paid within sixty days from the beginning of the semiannual dues period, shall forfeit their membership in the Mutual Benefit Department without further notice." It will be observed that dues and assessments are united by the copulative conjunction, which clearly implies that in order to work a forfeiture after sixty days delinquency, the delinquency must be in both dues and assessments. The defendant's attorney earnestly insists that it should be read dues *or* assessments, and that sixty days delinquency in either would work a forfeiture, and hence Leech's five months' delinquency in his dues suffices to forfeit his membership. I think this argument is refuted by the by-laws relating to non-payment of dues, which will be found on page 31 of the abstract, and is section 26. This section says that a member refusing or neglecting to pay his dues for six months in advance in full, is not in good standing *sixty days* after the delinquency begins, and then says, in a concluding paragraph, that if a member is delinquent in dues for *six months,* his name will be dropped without further notice. It seems to be certain that this clause means a delinquency in dues alone in order to work a forfeiture of insurance or membership must last six months. In other words, I read the by-laws to mean that a delinquency in both assessments and dues for sixty days will work a forfeiture, or a delinquency in dues alone for six months will work a forfeiture. Leech was not delinquent in his dues for six months and hence his insurance was in force.

With the other parts of the opinion I do not agree; however the judgment should be affirmed on the first proposition.